UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
──────────────────────────────── x
                                 :
UNITED STATES OF AMERICA,        :
                                 :     **ECF CASE**
            v.                   :
                                 :
MICHAEL STEINBERG,               :     S4 12 Cr. 121 (RJS)
                                 :
            Defendant.           :
                                 :
──────────────────────────────── x

**MICHAEL STEINBERG'S RESPONSE TO GOVERNMENT'S MOTION**
***IN LIMINE* TO ADMIT EVIDENCE OF PARALLEL TRADING**

Barry H. Berke
Steven S. Sparling

KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100  (Phone)
(212) 715-8000  (Fax)

*Counsel for Defendant Michael Steinberg*

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*United States v. Ballesteros-Gutierrez*,
    181 F. Supp. 2d 350 (S.D.N.Y. 2002)..............................................................................2

*United States v. Contorinis*,
    692 F.3d 136 (2d Cir. 2012)........................................................................................1, 2

*United States v. Paredes*,
    176 F. Supp. 2d 172 (S.D.N.Y. 2001)..............................................................................2

Defendant Michael Steinberg respectfully submits this response to the government's memorandum of law in support of its motion *in limine* dated October 15, 2013 ("Gov't Mem.").

## ARGUMENT

The government has moved *in limine* to admit evidence of so-called "parallel trading" by other members of the alleged conspiracy, specifically, trading in Dell and Nvidia by the hedge funds Diamondback, Level Global Investors, and Whittier Trust Company. The government also outlines three examples of alleged "parallel trading" in Dell and Nvidia (Gov't Mem. at 4-6), but has not yet produced any of the summary charts that we expect will be offered to demonstrate the particulars of the alleged "parallel trading."

In support of its motion, the government cites a handful of decisions as supporting the relevancy and admissibility of parallel trading in insider trading prosecutions, including statements by Your Honor at the *Newman/Chiasson* trial. (Gov't Mem. at 6-9.) One of the cases is of course the Circuit's ruling in *United States v. Contorinis*, 692 F.3d 136 (2d Cir. 2012), affirming Your Honor's decision admitting parallel trading evidence. As the government acknowledges, *Contorinis* makes clear that when it comes to assessing the admissibility of such evidence, there is good reason not to adopt a "general rule" but instead to do a fact-specific "case by case analysis." *Id.* at 144.

The case at bar provides a good example of the wisdom of that approach. Mr. Steinberg, like the traders at Level Global, Diamondback and Whittier, was a professional trader. He regularly bought and sold millions of dollars in numerous stocks — and took long or short positions, including complex hedges — around quarterly announcements. This is in stark contrast to many of the cases cited in the government's brief, which more typically involve one-time corporate events like a merger or takeover, and sudden and unusual one-time trading in a company's stock by multiple tippees, who often are not professional traders.

These differences are significant. In many of those reported cases, the central issue was whether the defendant in fact was tipped and provided with the alleged inside information at issue. *See, e.g.*, *Contorinis*, 692 F.3d at 144 (defendant denied "ever receiving inside information from Stephanou regarding any transaction on which Stephanou was working"); *United States v. Ballesteros-Gutierrez*, 181 F. Supp. 2d 350, 355-56 (S.D.N.Y. 2002) (defense was that the inside information was not passed on to the defendant). Here, we are dealing with professional traders and there is no dispute that they are receiving information and recommendations all the time from analysts and other sources, including some of the government's cooperating witnesses in this case. The question that matters here therefore is not whether Mr. Steinberg in fact was provided with information and recommendations from Mr. Horvath. The central question instead is whether Mr. Steinberg *knew* that certain pieces of information provided by Mr. Horvath were obtained illegally.

In this very different context, we submit there is much greater reason to proceed with caution and closely analyze the probative value and potential unfair prejudice of the proffered evidence of parallel trading. Because the facts of the case against Mr. Steinberg are yet to be fully developed, and because the admissibility of parallel trading evidence is so fact and context specific, we respectfully request that the Court defer ruling until such time as a fuller factual record has been developed at trial and Mr. Steinberg has a full and fair opportunity to make his arguments as to each particular alleged example of parallel trading that the government seeks to introduce. *See United States v. Paredes*, 176 F. Supp. 2d 172, 177 (S.D.N.Y. 2001) ("trial courts often defer regarding motions *in limine* until trial, when the factual record is more fully developed").

We note that in the *Newman/Chiasson* trial, the evidence of parallel trading was introduced through a summary witness at the end of the government's case. Accordingly, we submit that our proposal is a practical and fair way to proceed and should not interfere with or delay the government's case.

Dated: New York, New York
October 25, 2013

> Respectfully submitted,
>
> KRAMER LEVIN NAFTALIS & FRANKEL LLP
>
> By: /s/ Barry H. Berke
> Barry H. Berke
> Steven S. Sparling
>
> 1177 Avenue of the Americas
> New York, New York 10036
> (212) 715-9100 (Phone)
> (212) 715-8000 (Fax)
> bberke@kramerlevin.com
> ssparling@kramerlevin.com
>
> *Counsel for Defendant Michael Steinberg*