UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA
:                      S4 12 Cr. 121 (RJS)
 - v. -
:
MICHAEL STEINBERG,
:
                Defendant.
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## GOVERNMENT'S MOTION TO EXCLUDE
## CERTAIN TRADING RECORDS AND EMAILS

                                  PREET BHARARA
                                  United States Attorney for the
                                  Southern District of New York
                                  Attorney for the United States
                                      of America.

ANTONIA M. APPS
HARRY A. CHERNOFF
Assistant United States Attorneys

**PRELIMINARY STATEMENT**

In materials received by the Government on October 25, 2013, the defendant Michael Steinberg marked as defense exhibits certain trading records of another portfolio manager who worked at the defendant's hedge fund (but who was not a member of the conspiracy), Gabriel Plotkin. The defendant has also marked emails between Plotkin and the defendant's analyst, Jon Horvath, on which the defendant is not copied. In particular, the defendant has marked trading records that reflect Plotkin's trading in Dell, Inc. ("Dell") securities after Plotkin (and Steinberg) received an August 26, 2008 email from Horvath. The email stated that Horvath had a "second hand read from someone at the company" and set forth material nonpublic information ("inside information") as to the results Dell would announce on August 28, 2008. The trading records show that Plotkin significantly reduced, but did not close out, his position in Dell securities following receipt of the email. Steinberg, by contrast, took a significant short position into the Dell earnings announcement.

We presume that the defense will offer Plotkin's trading records in an effort to show that the information Horvath shared with him was not, in Plotkin's view, material non-public information that could be relied upon to trade in Dell – and that, therefore, upon reviewing the same email, Steinberg would reasonably have come to the same conclusion.

Documentary evidence of Plotkin's trading is inadmissible under Rules 401 and 403 of the Federal Rules of Evidence because it has no relevance and will confuse the issues at trial. The trading records and Plotkin's communications with Horvath about Dell do not bear on the key question at this trial – namely, Steinberg's criminal intent. Plotkin's state of mind with respect to the inside information irrelevant. It is for this reason that the Government did not mark as an exhibit the trading records for Steven Cohen, who also received the August 26, 2008

1

email, but in contrast to Plotkin, immediately liquidated his entire long position in Dell thereafter. Presumably the defendant would object to the Government arguing that Cohen's trades after receipt of the August 26, 2008 email show that Cohen believed the email contained valuable inside information and therefore Steinberg must have believed the same. In short, evidence of trading in Dell by individuals other than Steinberg who received the August 26, 2008 email and who are not alleged to have been coconspirators with Steinberg should be excluded, as should email exchanges with Plotkin on which Steinberg is not copied.

## BACKGROUND

### A. Steinberg's Trading in Dell Based on Inside Information in August 2008

As alleged in the Indictment and the Government's Bill of Particulars, the defendant traded in Dell securities in advance of Dell's May 29, 2008 and August 28, 2008 earnings announcement based on inside information that his analyst, Jon Horvath, had received from coconspirator Jesse Tortora. Tortora, in turn, had received the information indirectly from someone at Dell (the "Dell Inside Information"). The Government expects the proof at trial to show that Steinberg knew that the Dell Inside Information came from someone inside the company who disclosed it in breach of duty.

When Horvath received the report of the final roll-up of Dell's earnings numbers from Tortora on August 18, 2008, Horvath immediately called Steinberg. GX 41. The inside information indicated that Dell would materially miss market expectations as to Dell's gross margins, which would be negative news for the stock. One minute after the conclusion of Horvath's call with Steinberg on August 18, 2008, Steinberg's portfolio started to short Dell. One minute after Steinberg started to short Dell stock, Horvath sent an email to Steinberg stating:

2

"keep the DELL stuff especially on the down low . . . just mentioning that because JT [referring to Tortora] asked me specifically to be extra sensitive with the info." GX 625.

A few days later, Horvath became aware that the head of the firm, Steven Cohen, held a "long" position in Dell securities, reflecting that Cohen had a positive view of the company. GX 631. At SAC Capital, portfolio managers, who operated independently of each other, had responsibility for the trading in their own portfolios, and also had a responsibility to provide trading ideas to Cohen. Cohen would then trade on the portfolio managers' ideas in his own, separate and much larger portfolio. When Cohen took a position in his portfolio based on a recommendation from a portfolio manager, that portfolio manager was "tagged" with the trade, which meant that if the trade was successful, the portfolio manager could expect to be compensated for the trade by receiving a portion of the profits from the trade in Cohen's portfolio. Conversely, if Cohen lost money based on a portfolio manager's recommendation, Cohen was likely to be upset, and the portfolio manager's losses on the trade would be netted against any future profits in Cohen's book based on other recommendations from the portfolio manager. Cohen's Dell position on August 25, 2008 was tagged to Plotkin.

When Horvath learned on August 25, 2008 that Cohen was long Dell, Horvath immediately notified Steinberg by email. GX 631. Steinberg responded by saying that he had not "mentioned anything [to Cohen] yet" but would like to "express our view to him." *Id.* Steinberg surmised that Cohen's Dell position was "probably" based on Plotkin's recommendation. *Id.* Steinberg noted that he "like[d] the contrary position and trust your data, based largely on prior experience w[ith] the name." *Id.* Steinberg asked Horvath to supply some further details as to the data. *Id.* Horvath subsequently sent an email to Steinberg reminding Steinberg that "the data [was] second hand but this contact was correct in the last two quarters."

3

GX 632. The next day, on August 26, 2008, at 12:37 p.m., Steinberg sent an email to Horvath and Plotkin, stating that he "was talking to Steve [Cohen] about DELL earlier today, and he asked me if [sic] to get the two of you to compare notes before the print [meaning the August 28, 2008 earnings announcement], as we are on opposite sides of this one." GX 634. Plotkin responded to Steinberg and Horvath setting forth the basis for his positive view on Dell – which was based largely on publicly available data. Horvath responded to Plotkin and Steinberg, setting forth *his* basis for Steinberg's negative view on Dell – which was based on inside information. *Id.* Horvath wrote: "I have a 2nd hand read from someone at the company – this is 3rd quarter I have gotten this read from them and it has been very good in the last two quarters." *Id.*

Steinberg held a short position in Dell stock and options that was worth approximately $8 million going into the earnings announcement, and he made over $1 million in illegal profits on the trade when Dell's stock price plummeted on the release of the negative news.

### B. Plotkin's Trading In Dell In August 2008

At the time that Plotkin received the August 26, 2008 email, Plotkin held a long position of 1.6 million Dell shares, and he had held that position since July 31, 2008. After receiving the email at 1:09 p.m., Plotkin responded to Horvath (but not Steinberg) at 1:13 p.m., indicating some uncertainty with the accuracy of the information: "Well – if your checks are right, that is certainly negative. I will say however that it seems like recently (more in consumer) everytime someone hits me with a check, it ends up being off . . . So we will have to see." (Exh. A hereto). Between 1:29 p.m. and 2:00 p.m., Plotkin exchanged further emails discussing Horvath's Dell numbers. DX 1720. (Defense Exhibits are contained in Exh. B hereto).

At 1:33 p.m. on August 26, 2008, Plotkin began selling Dell stock. Plotkin's portfolio sold 300,000 shares of Dell between 1:33 p.m. and 2:07 p.m. By 4:00 p.m. on August 28, 2008 – when Dell's earnings were announced – Plotkin had reduced his position to 1,000,000 shares. By reducing his position into the earnings announcement, Plotkin avoided losses of approximately $2 million. But he also lost millions of dollars on the Dell securities he did maintain through the earnings announcement and into early October.[1]

### C. Cohen's Trading In Dell In August 2008

To assist him in trading securities in his portfolio, Cohen hired "research traders" whose job it was to make sure that the portfolio managers' investment ideas were properly communicated to Cohen. In August 2008, Anthony Vaccarino was a research trader assisting Cohen in the "retail/consumer" sector, which was the sector that Plotkin covered. After Plotkin received August 26, 2008 email from Horvath, he forwarded it to Anthony Vaccarino at approximately 1:14 p.m. (Exh. C hereto). Vaccarino, in turn, forwarded the email to Cohen at 1:29 p.m. *Id.* When Cohen received the email, he was in the middle of a nearly twenty-minute call with one of the firm's executive committee members. Within minutes of finishing that call, at 1:37:46 p.m. on August 26, 2008, Cohen received a call from Vaccarino that lasted 48 seconds (until 1:38:34 p.m.). At the time of the call, Cohen's portfolio held a long position of 500,000 shares in Dell based on Plotkin's investment idea. Cohen's portfolio began selling his Dell shares at 1:39 p.m. on August 26, 2008. Cohen liquidated his entire Dell position before the August 28, 2008 earnings announcement, avoiding losses of $1.7 million in his portfolio, and another $1.8 million in another portfolio that tracked the trading in Cohen's book based on

---

[1] The defense has also marked as exhibits emails between Plotkin and Horvath in subsequent quarters, on which Steinberg is not copied. *See, e.g.*, DX 1613, 1665, 1666, 1667. In none of these emails did Horvath provide any more information as to the source of the Dell inside information.

5

certain algorithms. At 6:52 p.m. on August 28, 2008, Cohen wrote an email to Steinberg and his analysts stating: "Nice job on dell." GX 641.

## ARGUMENT

Plotkin's trading, and the inference Steinberg will seek to draw as to Plotkin's view of the August 26, 2008 email, are irrelevant to Steinberg's criminal intent. There is no evidence to suggest that Plotkin actually communicated his view to Steinberg or that Steinberg knew what action Plotkin took with respect to his Dell position after he received the August 26, 2008 email. The Government has not alleged that Plotkin joined the conspiracy in which Horvath and Steinberg were members. Moreover, Plotkin may have had a host of reasons for not acting as Steinberg did with respect to the Horvath email (including his lack of a history with Horvath's source of the inside information and the unreliability of other reads he had recently received). Without Plotkin as a witness, the jury will learn of none of the reasons Plotkin acted as he did, nor would those reasons be relevant at Steinberg's trial.[2]

That Plotkin's view of the August 26, 2008 email is irrelevant and will only serve to confuse the jury is further demonstrated by the comparison to Cohen's trading in Dell following receipt of the email. In contrast to Plotkin, Cohen liquidated his entire Dell position after he received the August 26, 2008 email. Presumably, Steinberg would object to any inference being drawn from Cohen's trading that Cohen, and therefore Steinberg, believed the August 26, 2008 email contained inside information. The fact that these dueling inferences may be drawn from the trading of Plotkin and Cohen only underscores that the trading by these non-coconspirators is irrelevant and would confuse the jury. Instead of focusing on Steinberg's intent, the jury could focus on whether Plotkin or Cohen received inside information and traded on the basis of that

---

[2] Plotkin, who has not been identified as witness by either party, was deposed by the Securities and Exchange Commission and testified that he had no recollection of his Dell trading around the August 28, 2008 earnings announcement or of the August 26, 2008 email.

6

information, causing the jury to become distracted with the questions of why Plotkin and Cohen were not deemed part of the conspiracy and whether they were prosecuted. Similarly, introducing Plotkin's statements in emails to Horvath when Steinberg is not a party to the communication and there is no evidence that Plotkin communicated those statements to Steinberg could cause the jury to focus on Plotkin's intent rather than Steinberg's. Accordingly, none of this evidence should be introduced at Steinberg's trial.

## CONCLUSION

For the reasons set forth above, the Government respectfully submits that the Court should exclude evidence of Plotkin's Dell trading and emails between Plotkin and Horvath on which Steinberg is not copied.

Dated: November 7, 2013
New York, New York

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____
Antonia M. Apps
Harry A. Chernoff
Assistant United States Attorneys