USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/27/14

**KRAMER LEVIN NAFTALIS & FRANKEL** LLP

BARRY H. BERKE
PARTNER
PHONE 212-715-7560
FAX 212-715-7660
BBERKE@KRAMERLEVIN.COM

May 22, 2014

**BY EMAIL**

The Honorable Richard J. Sullivan
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

# MEMO ENDORSED

Re: _United States v. Michael Steinberg_, S4 12 Cr. 121 (RJS)

Dear Judge Sullivan:

In anticipation of Michael Steinberg's upcoming appeal, we have reviewed the docket in this case and determined that the following two items, which we attach, have not been filed on the Electronic Case File (ECF):

(1) Government's Motion _In Limine_ To Preclude Certain Expert Testimony and its accompanying attachments, filed with the Court on December 12, 2013; and

(2) New York Council of Defense Lawyers Letter Amicus Submission, submitted to the Court on April 3, 2013.

In the interest of completeness of the record, we respectfully request the Court to direct the Clerk to file these documents on ECF.

Thank you for your consideration.

Respectfully submitted,

Barry H. Berke
Steven S. Sparling

cc:   AUSA Antonia M. Apps (by e-mail)
AUSA Harry Chernoff (by e-mail)

SO ORDERED
Dated:   5/22/14      RICHARD J. SULLIVAN
U.S.D.J.

1177 AVENUE OF THE AMERICAS   NEW YORK NY 10036-2714   PHONE 212.715.9100   FAX 212.715.8000

990 MARSH ROAD   MENLO PARK CA 94025-1949   PHONE 650.752.1700   FAX 650.752.1800

47 AVENUE HOCHE   75008 PARIS FRANCE   PHONE (33-1) 44 09 46 00   FAX (33-1) 44 09 46 01

WWW.KRAMERLEVIN.COM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA       :

      - v -               :     S2 12 Cr. 121 (RJS)

MICHAEL STEINBERG,        :

       Defendant.     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**GOVERNMENT'S MOTION *IN LIMINE*
TO PRECLUDE CERTAIN EXPERT TESTIMONY**

PREET BHARARA
United States Attorney
Southern District of New York
Attorney for the United States
   of America

ANTONIA M. APPS
HARRY A. CHERNOFF
Assistant United States Attorneys

   - Of Counsel -

## PRELIMINARY STATEMENT

The Government submits this motion *in limine* regarding the defendant's proposed expert testimony through Daniel R. Fischel, the President of the consulting firm Compass Lexecon.   By letter dated October 25, 2013, the defendant notified the Government that it seeks to introduce though Professor Fischel three types of evidence: (1) summary charts regarding Mr. Steinberg's trading in the charged securities in comparison to various risk limits imposed by SAC Capital and other trading activity in Mr. Steinberg's portfolio; (2) statistical analyses of those summary charts that improperly seek to magnify the difference between the size of the defendant's trading in the charged securities and SAC Capital's risk limits; and (3) opinions that suggest that Mr. Steinberg's trading patterns (including his hedging strategy) were inconsistent with trading on the basis of inside information.   *See* Attachment A hereto.   The Government objects to certain of the summary charts on the ground that they are irrelevant and will cause juror confusion. Additionally, the Government objects to the presentation of various statistical analyses regarding those summary charts on the same basis.   Finally, the Government seeks to preclude the defendant from offering expert opinions that speculate about the defendant's intent in making trading decisions, that speculate and draw misleading conclusions about certain facts, and that are conclusions regarding the element of the charged offense, which should be left solely for the trier of fact.

1

**ARGUMENT**

I.   **APPLICABLE LAW**

   A.   **Rule 702**

   Rule 702 of the Federal Rules of Evidence provides:

   > If scientific, technical, or other specialized knowledge will assist the
   > trier of fact to understand the evidence or to determine a fact in issue, a
   > witness qualified as an expert by knowledge, skill, experience, training,
   > or education, may testify thereto in the form of an opinion or otherwise,
   > if (1) the testimony is based upon sufficient facts or data, (2) the
   > testimony is the product of reliable principles and methods, and (3) the
   > witness has applied the principles and methods reliably to the facts of
   > the case.

   The party that proffers the testimony bears the burden of showing that it is admissible. *See*
   *Bourjaily* v. *United States*, 483 U.S. 171, 172-73 (1987).   The District Court's exclusion of expert
   testimony will be affirmed unless it constituted an abuse of discretion.   *See General Elec. Co.* v.
   *Joiner*, 522 U.S. 136, 142 (1997).   Expert testimony is admissible only if the trial court
   determines that it is both relevant and reliable.   *Daubert* v. *Merrell Dow Pharm., Inc.*, 509 U.S.
   579, 589-90 (1993); *see Kumho Tire Company, Inc.* v. *Carmichael*, 526 U.S. 137 (1999).
   Specifically, in *Daubert*, the Court held that the Federal Rules of Evidence "assign to the trial
   judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is
   relevant to the task at hand."   509 U.S. at 597.   "*Daubert* applies to both defense and government
   experts."   *United States* v. *Yousef*, 327 F.3d 56, 148 (2d Cir. 2003).

   Applying Rule 702, the Court must determine whether the expert's reasoning and
   methodology underlying his testimony is valid, and whether that reasoning or methodology was
   applied reliably to the facts, so as to be relevant and helpful to the jury.   *See Kumho Tire Co.*, 526

2

U.S. 137.   The fact that an expert may generally possess "specialized knowledge" does not automatically render his opinions in this case reliable.   *See SEC* v. *Lipson*, 46 F. Supp. 2d 758, 761 (N.D. Ill. 1998) (fact that witness is a certified public accountant, generally possessing the "specialized knowledge" to qualify as an expert witness, does not automatically render his opinions reliable).

Expert testimony is inadmissible when it addresses "lay matters which [the trier of fact] is capable of understanding and deciding without the expert's help."   *Andrews* v. *Metro N. Commuter R.R. Co.*, 882 F.2d 705, 708 (2d Cir. 1989).

**B.    Rule 703**

Rule 703 of the Federal Rules of Evidence precludes an expert from disclosing to the jury "[f]acts or data that are otherwise inadmissible" unless the court determines that their probative value substantially outweighs their prejudicial effect, and the facts or data must be "of a type reasonably relied upon by experts in the particular field forming opinions or inferences upon the subject."   Experts cannot be used as a substitute to calling witnesses to the events or facts at issue. For example, in *United States* v. *Zafar*, 291 Fed. Appx. 425, 427 (2d Cir. 2008), the Second Circuit affirmed the district court's exclusion of the defendant's proposed expert testimony about the use of stock-selection software found on the defendant's computer in a securities fraud case.   There was no evidence that the defendant actually used that software for stock trading at the time of the charged offenses.   *Id.*   The Court affirmed the district court's decision, because the defense expert was not trying "to show the jury how the software worked but to insinuate what had happened with respect to the relevant stock trades, a subject on which [the expert] was not a competent witness." *Id.*

3

### C.      Rule 704

Rule 704(b) of the Federal Rules of Evidence states that "[n]o expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto.   Such ultimate issues are for the trier of fact alone."   Moreover, a district court must exclude expert testimony that "expresses a legal conclusion."   *Hygh* v. *Jacobs*, 961 F.2d 359, 363 (2d Cir. 1992)."   *Id.*   As the Second Circuit explained, "[e]ven if a jury were not misled into adopting a legal conclusion proffered by an expert witness, the testimony would remain objectionable by communicating a legal standard—explicit or implicit—to the jury." *Id.* at 364. Further, an expert "is not qualified to compete with the judge in the function of instructing the jury."   *Id.*

In *United States* v. *Nersesian*, 824 F.2d 1294, 1308 (2d Cir. 1987), the Second Circuit expressed discomfort with the "uncontrolled" use of expert testimony that might have the effect of providing "an additional summation by having the expert interpret the evidence."   The Court stated that the district court must be vigilant to prevent an expert from coming "dangerously close to usurping the jury's function." *Id.*

### D.      Rules 401-403

Rules 401 through 403 of the Federal Rules of Evidence state that relevant evidence is admissible when it tends to make the existence of any fact that is of consequence more or less probable than it would be without the evidence, but it may be excluded if its probative value is substantially outweighed by, among other things, the danger of unfair prejudice, confusion of the issues, and misleading the jury.   "Expert evidence can be both powerful and quite misleading

4

because of the difficulty in evaluating it. Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 . . . exercises more control over experts than over lay witnesses." *Daubert*, 509 U.S. at 595 (quoting authority omitted).

## II.   DISCUSSION

1.   <u>Summary Charts and Statistical Analysis of the Defendant's Trading</u>.

The defendant seeks to offer through Professor Fischel a series of summary charts that compare the size of the defendant's positions in Dell, Inc. ("Dell"), NVIDIA Corporation ("NVIDIA") and Sun Microsystems ("Sun") to (1) the size of the defendant's "overall buying power" and "position limits" at SAC Capital, (2) the size of Mr. Steinberg's trading in exchange traded funds ("ETFs"), and (3) the size of the defendant's purchases and sales of other securities in his portfolio.   *See* Attach. A at 2-5, Exhibits 3a, 3b, 4a – c, 5, 6a – c, 7a – f, 8a – c.

<u>First</u>, since Professor Fischel has no firsthand knowledge as to SAC Capital's allocation of capital to individual portfolio managers, he should not be permitted to draw any conclusions as to the significance of the fact that Mr. Steinberg did not utilize all of his buying power at any point in time.   Nor is this a subject that requires expert testimony: the fact that SAC Capital allocated a certain amount of capital to Mr. Steinberg (which he did not fully utilize) does not require specialized knowledge or skill and can easily be digested by the jury without the assistance of an expert.   Thus, while the Government does not seek to preclude these summary charts of trading records already in evidence, Professor Fischel's testimony should be limited only to describing the information depicted on those summary charts, and he should not be permitted to offer

explanations of SAC Capital's buying power, the risk management purposes of allocating capital, or why Mr. Steinberg did not utilize the full amount of his allocated capital.1

Second, the Government objects to the defendant's summary charts comparing Mr. Steinberg's positions in Dell, NVIDIA, and Sun Microsystems to Mr. Steinberg's positions in ETFs.   Attach. A, Exhibits 6a – c.   The jury has heard no evidence as to Mr. Steinberg's trading in ETFs, or why he might have traded in ETFs.   Summary charts comparing Mr. Steinberg's trading in ETFs to trading in Dell and NVIDIA could only result in the jury speculating as to the reasons behind trading in these securities.   Given that the defendant is already offering 15 *other* charts that address the issue of the relative size of the defendant's trades in Dell and NVIDIA, the potential juror confusion outweighs any marginal relevance these summary charts present. Further, the fact that Mr. Steinberg may have engaged in trading activity that is not alleged to have been based on inside information has no bearing on whether he acted on inside information in connection with the charged securities, particularly when then is no record evidence as to the defendant's basis, legal or illegal, for that trading activity.

In the event the Court determines that defendant may offer the charts analyzing Mr. Steinberg's trading in ETFs, the Court should not permit the defendant to elicit from Professor Fischel his opinion that "investors do not have a greater ability to predict the movements of the ETFs that Mr. Steinberg frequently traded than they do to predict the movement of markets as a whole."   Attach. A at 4.   This opinion relies on speculation as to Mr. Steinberg's reasons for

---

1 The Government submits, however, that these summary charts are of marginal relevance given that a witness from SAC Capital with knowledge of SAC Capital's allocation of capital among portfolio managers, Daniel Berkowitz, testified that it was common for portfolio managers not to use the full amount of their capital.   Tr. 112.

trading ETFs, and improperly suggests that Mr. Steinberg's trading in the charged securities was for entirely innocent reasons.   That is a subject for the jury.

Third, the defendant intends to present through Professor Fischel statistical analyses relating to the comparison between the challenged trades and Mr. Steinberg's buying power and position limits which are plainly offered only to underscore and highlight the underlying summary charts comparing Mr. Steinberg's trading in the charged securities to SAC Capital's risk limits. In particular, according to the defendant, Professor Fischel conducted "a statistical analysis comparing the SEGMV of Mr. Steinberg's total portfolio with his Buying Power" that "measures the likelihood that Mr. Steinberg's portfolio would exceed his Buying Power, given the normal daily variation in the size of his portfolio based on his trading history and typical market movements."   Attach. A at 4.   The defendant seeks to elicit the opinion that "the differences between the size of Mr. Steinberg's portfolio on the Key Dates and his Buying Power cannot be explained by the normal, random variation in the size of Mr. Steinberg's portfolio arising from typical daily market movements and his trading."   *Id.*   Professor Fischel has conducted the same statistical analysis comparing Mr. Steinberg's trading in the charged trades to his portfolio's Position Limits, and seeks to offer similar opinions with respect to that comparison.   Attach. A at 4-5.   Given that the underlying summary charts comparing Mr. Steinberg's trading to his buying power and position limits are already of marginal relevance in light of the fact that it was common for portfolio managers not to utilize all of their buying power, Professor Fischel's further statistical analyses on those summary charts should be precluded as they provide no further relevant evidence and will cause juror confusion.   To the extent that Mr. Steinberg wishes to argue to the jury that his trading in Dell and NVIDIA was small relative to the size of his buying power or

position limits, the defendant's other summary charts are more than sufficient to provide evidentiary support for any such argument that the defendant may seek to make.

Fourth, the defendant seeks to elicit the opinion from Professor Fischel that Mr. Steinberg was "willing to hold larger positions in securities of other issuers than he was willing to hold in the securities of Dell, NVIDIA and/or Sun Microsystems."   Exhibit A at 5. As noted above, the Government does not object to summary charts describing the size of Mr. Steinberg's positions being introduced, but Professor Fischel should not be permitted to offer any testimony as to Mr. Steinberg's intent or reasons behind the sizing of his positions.

2.   Expert Testimony as to the Reasons for Mr. Steinberg's Hedging Strategies

Mr. Steinberg seeks to elicit through Professor Fischel that certain of the trades in the charged securities were hedged.   Attach. A, Exhibits 9a – i and 10.   In connection with this hedging, the defendant seeks to elicit from Professor Fischel the opinion that Mr. Steinberg's hedging strategy was inconsistent with allegations of insider trading in the charged securities. *See* Attach. A at 6.   The defendant should be precluded from eliciting any opinion as to the reasoning behind Mr. Steinberg's hedging strategy, which is a matter properly reserved for argument by counsel to the jury and is an issue for the trier of fact to determine.   *See In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 541 (S.D.N.Y. 2004) (an expert "should not be permitted to 'supplant the role of counsel in making argument at trial, and the role of the jury in interpreting the evidence.'") (citation omitted)).

3.   Mr. Steinberg's Trading in Dell in August 2009

On August 27, 2009 – a quarter about which the jury has heard very little testimony – Dell mistakenly announced its earnings approximately 20 minutes before the close of the market.

Dell's stock price rose on the earnings announcement.   Mr. Steinberg had a long position in Dell securities at the time of the announcement and substantially increased his long position between the time of the announcement (3:36 pm) and the close of the market.2   The defendant seeks to elicit from Professor Fischel that Mr. Steinberg's increase in his Dell position after the early release of Dell's earnings was inconsistent with Mr. Steinberg's possessing inside information. *See* Attach. A at 8 ("Professor Fischel will also testify that a trader with advance knowledge of the earnings announcement would not be expected to increase the size of his position, at higher cost, after earnings information that knew was already aware of became public.").

The defendant should not be permitted to elicit opinion testimony as to Mr. Steinberg's motives for trading after the early release of Dell's results in August 2009.   That is plainly not the proper subject of expert testimony.   It is also misleading: Mr. Steinberg may have been waiting to make sure that he had properly gauged market sentiment such that Dell's stock price would increase on release of the positive earnings news that the defendant had advance notice of through an improper source.   Accordingly, Professor Fischel's conclusions as to the reasons for Mr. Steinberg's trading in August 2009 should be excluded.

4.   Trading Around Earnings Announcements

The Court should exclude Professor Fischel's testimony that trading around earnings announcements is common for market participants.   This obvious fact does not need any expert testimony or statistical analyses.   Further, Professor Fischel's testimony that it was common for "market participants other than Mr. Steinberg" to trade around earnings is plainly being offered to suggest that Mr. Steinberg was not trading on inside information around the Dell and NVIDIA

---

2       The Government does not intend to introduce through its summary witness any trading activity for August 2009.

earnings announcements.   This improper use of expert testimony should not be allowed.   *See Andrews* v. *Metro N. Commuter R.R. Co.*, 882 F.2d 705, 708 (2d Cir. 1989) (expert testimony is inadmissible when it addresses "lay matters which [the trier of fact] is capable of understanding and deciding without the expert's help.").

5.   Additional, As-Yet Undisclosed, Expert Opinions

Professor Fischel should not be permitted to offer additional opinions as to which the defendant has not provided notice to date.

**CONCLUSION**

For the foregoing reasons, the Government respectfully requests that the defendant be precluded from offering certain opinions as described above.

Dated: New York, New York
          December 12, 2013

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____
      Antonia M. Apps
      Harry A. Chernoff
      Assistant United States Attorney
      Tel. (212) 637-2198/2481

10

**KRAMER LEVIN NAFTALIS & FRANKEL** LLP

BARRY H. BERKE
PARTNER
PHONE 212-715-7560
FAX 212-715-7660
BBERKE@KRAMERLEVIN.COM

October 25, 2013

**BY E-MAIL**

Antonia Apps, Esq.
Harry Chernoff, Esq.
Assistant United States Attorneys
United States Attorney's Office
Southern District of New York
One Saint Andrew's Plaza
New York, New York 10007

Re: _United States v. Michael Steinberg_, S4 12 Cr. 121 (RJS)

Dear Ms. Apps and Mr. Chernoff:

Pursuant to Federal Rule of Criminal Procedure 16(b)(1)(C), and the schedule previously set by the Court, we hereby provide notice that Mr. Steinberg may call Professor Daniel R. Fischel as an expert and summary witness at trial.

**Qualifications**

Daniel R. Fischel is President of Compass Lexecon, a consulting firm that specializes in the application of economics to a variety of legal and regulatory issues. He is also the Lee and Brena Freeman Professor of Law and Business Emeritus at The University of Chicago Law School. He has served previously as Dean of The University of Chicago Law School, Director of the Law and Economics Program at The University of Chicago, and as Professor of Law and Business at The University of Chicago Graduate School of Business, the Kellogg School of Management at Northwestern University, and the Northwestern University Law School.

Professor Fischel's research, teaching, and consulting have focused on the economics of corporate law and financial markets, including the economics of insider trading, the differences between active and passive trading strategies, and the application of economics and statistical analysis to various issues that arise in financial fraud and securities litigation. He has also testified as an expert witness and lectured widely in these areas. He has published

KRAMER LEVIN NAFTALIS & FRANKEL LLP
October 25, 2013
Page 2

approximately fifty articles in leading legal and economics journals on these and related subjects and is coauthor, with Judge Frank Easterbrook of the Seventh Circuit Court of Appeals, of the book *The Economic Structure of Corporate Law* (Harvard University Press, 1991). Courts of all levels, including the Supreme Court of the United States, have cited his articles as authoritative. His curriculum vitae, which contains a list of his publications, is attached hereto as Exhibit 1.

Professor Fischel has served as a consultant or adviser on economic issues to, among others, the United States Department of Justice, the United States Securities and Exchange Commission, the National Association of Securities Dealers, the New York Stock Exchange, the Chicago Board of Trade, the Chicago Mercantile Exchange, the New York Mercantile Exchange, the United States Department of Labor, the Federal Deposit Insurance Corporation, the Resolution Trust Corporation, and the Federal Trade Commission.

Professor Fischel is a member of the American Economic Association and the American Finance Association. He is also a member of the Board of Overseers of the Becker-Friedman Institute at the University of Chicago, an advisor to the Harvard Program on Corporate Governance at Harvard University, a former member of the Board of Directors of the Center for the Study of the Economy and the State at The University of Chicago, and former Chairman of the American Association of Law Schools' Section on Law and Economics. Professor Fischel's experience testifying as an expert witness in multiple proceedings in federal and state courts across the country is detailed in Exhibit 1.

## Summary of Expected Testimony, Opinions, and Bases and Reasons for Opinions

Professor Fischel was asked to review, summarize, and analyze the trading and other economic evidence pertaining to the government's allegation that Michael Steinberg knowingly executed securities trades based on material, nonpublic information. In connection with this assignment, Professor Fischel reviewed various materials, including the March 28, 2013 Superseding Indictment, the March 29, 2013 Securities and Exchange Commission Complaint, the June 7, 2013 Initial Bill of Particulars, the September 18, 2013 Final Bill of Particulars, trading data for Mr. Steinberg in the Sigma Capital Fund ("Sigma"), stock and option price and volume data, analyst reports, news stories and other information related to Dell and Nvidia, as well as Sun Microsystems and other stocks traded by Mr. Steinberg. Exhibit 2 identifies the materials relied upon.

### A. The relative size of Mr. Steinberg's positions in Dell, Nvidia, and Sun Microsystems

Professor Fischel will testify about, summarize, and analyze trading records showing that Mr. Steinberg acquired relatively small positions in Dell, Nvidia, and Sun Microsystems compared to what he was authorized by Sigma to acquire and compared to what

KRAMER LEVIN NAFTALIS & FRANKEL LLP
October 25, 2013
Page 3

he did acquire in other securities over the period January 1, 2007 through December 31, 2009.[1]
Specifically, Professor Fischel will testify about (i) comparisons between the size of Mr.
Steinberg's total portfolio and his "Buying Power" authorized by Sigma; (ii) comparisons
between the size of Mr. Steinberg's holdings of Dell, Nvidia, and Sun Microsystems and the size
of Mr. Steinberg's total portfolio as well as the size of his holdings of exchange traded funds
("ETFs")[2]; (iii) comparisons between the size of Mr. Steinberg's holdings of Dell, Nvidia, and
Sun Microsystems and the amount he was authorized by Sigma to hold in a single issuer (the
"Position Limit"); and (iv) comparisons between the size of Mr. Steinberg's holdings of Dell,
Nvidia, and Sun Microsystems and the size of his holdings of securities of other companies.

Professor Fischel will testify that Exhibits 3a – 3b are alternative versions of a
graph comparing the size of Mr. Steinberg's total portfolio with his Buying Power from January
1, 2007 through December 31, 2009.  Exhibit 3a does not label the Key Dates, while Exhibit 3b
labels the Key Dates for Dell and Nvidia.  Professor Fischel summarizes and analyzes the size of
Mr. Steinberg's total portfolio on a given date using the portfolio's Stock Equivalent Gross
Market Value ("SEGMV") on that day.[3]  Professor Fischel will testify that the exhibits show that
Mr. Steinberg was authorized to hold a substantially larger portfolio than he actually did during
most of the period, including on all of the Key Dates.

Professor Fischel will testify that Exhibits 4a – 4c compare the SEGMV of Mr.
Steinberg's total portfolio with his Buying Power on the Key Dates.  Professor Fischel will
testify that the exhibits show that Mr. Steinberg was authorized to hold a larger portfolio than he

---

[1].    Some of Professor Fischel's testimony will focus on the following "Key Dates," which
are either the dates of earnings announcements for Dell, Nvidia, or Sun Microsystems
following trading by Mr. Steinberg that the government alleges was in furtherance of the
conspiracy or dates in which the government substantively charged Mr. Steinberg's
trading.  The Key Dates are:  May 29, 2008, August 18, 2008, August 28, 2008,
November 20, 2008, February 26, 2009, and August 27, 2009 for Dell; May 5, 2009, May
7, 2009 and August 6, 2009 for Nvidia; and November 5, 2007 and May 1, 2008 for Sun
Microsystems.

[2].    ETFs are single securities which generally provide exposure to broad market or industry
indexes by holding baskets of multiple securities.

[3]    The SEGMV is the measure that SAC Capital used at the time to compare the size of a
portfolio manager's portfolio to his Buying Power, for purposes of risk management.
The SEGMV of the portfolio equals the sum of the gross (i.e. absolute value) SEGMVs
by issuer, so that a $1 million long and a $1 million short position in the stock of different
issuers combine to generate a $2 million portfolio SEGMV, for example.  The SEGMV
adjusts option positions into "stock equivalent values" that reflect the relative risk of the
option positions.  Professor Fischel adjusts the SEGMVs for Dell, Nvidia, and Sun on the
Key Dates to exclude the effects of stock trading after an earnings announcement, if
applicable.

KRAMER LEVIN NAFTALIS & FRANKEL LLP
October 25, 2013
Page 4

actually did on each of the Key Dates. Professor Fischel also conducted a statistical analysis comparing the SEGMV of Mr. Steinberg's total portfolio with his Buying Power. The statistical test measures the likelihood that Mr. Steinberg's portfolio would exceed his Buying Power, given the normal daily variation in the size of his portfolio based on his trading history and typical market movements. In particular, Professor Fischel analyzes whether there was a statistically significant difference between the SEGMV of Mr. Steinberg's portfolio and his Buying Power on a given day by computing a "t-statistic" equal to (Buying Power - SEGMV) / (standard deviation of the daily change in SEGMV). The standard deviation is calculated separately by calendar year. An observation is statistically significant at the 5 percent level if the t-statistic is greater than 1.65 based on a one-tailed test. Professor Fischel will testify that the exhibits show that the differences between the SEGMVs of Mr. Steinberg's portfolio and his Buying Power were statistically significant on each of the Key Dates. That is, the differences between the size of Mr. Steinberg's portfolio on the Key Dates and his Buying Power cannot be explained by the normal, random variation in the size of Mr. Steinberg's portfolio arising from typical daily market movements and his trading.

Professor Fischel will testify that Exhibit 5 graphs the SEGMV of Mr. Steinberg's total portfolio as well as the SEGMV of his positions in ETFs, from January 1, 2007 through December 31, 2009. Professor Fischel will testify that the exhibit shows that Mr. Steinberg often held relatively large positions in ETFs during this period. He will also testify that the ETFs that Mr. Steinberg traded generally provide exposure to broad market indexes or large groups of stocks and that investors do not have a greater ability to predict the movements of the ETFs that Mr. Steinberg frequently traded than they do to predict the movement of markets as a whole.

Professor Fischel will testify that Exhibits 6a – 6c compare the SEGMV of Mr. Steinberg's investments in Dell, Nvidia, and Sun Microsystems to the SEGMV of his total portfolio and his ETF investments, on each of the Key Dates. Professor Fischel will testify that the exhibits show that Mr. Steinberg's investments in Dell, Nvidia, and Sun Microsystems were a fraction of the size of his total portfolio on each of the Key Dates. He will testify that the exhibits further show that Mr. Steinberg held ETF investments on each of the Key Dates and the size of those investments were often similar to or larger than his investments in Dell, Nvidia, or Sun Microsystems.

Professor Fischel will testify that Exhibits 7a – 7f compare the SEGMV of Mr. Steinberg's investments in Dell, Nvidia, and Sun Microsystems to his "Position Limit" from January 1, 2007 through December 31, 2009 and on the Key Dates. The Position Limit was the maximum SEGMV that Mr. Steinberg was authorized to hold in securities from a single issuer at a point in time. The exhibits show that Mr. Steinberg held smaller investments in Dell, Nvidia, and Sun Microsystems than his Position Limit on each of the Key Dates.

Professor Fischel also conducted a statistical analysis comparing the SEGMV of Mr. Steinberg's investments in Dell, Nvidia, and Sun Microsystems with his Position Limit. The statistical test measures the likelihood that Mr. Steinberg's investments in Dell, Nvidia, and Sun Microsystems would exceed his Position Limit, given the normal daily variation in the size of his

KRAMER LEVIN NAFTALIS & FRANKEL LLP
October 25, 2013
Page 5

investments based on his trading history and typical market movements in those companies. In particular, Professor Fischel analyzes whether there was a statistically significant difference between the SEGMV of Mr. Steinberg's investments in Dell, Nvidia, and Sun Microsystems and his Position Limit on a given day by computing a t-statistic equal to (Position Limit - SEGMV of positions in securities of the issuer) / (standard deviation of the daily change in SEGMV of positions in securities of the issuer). The standard deviation is calculated separately by calendar year, using data only for days in which Mr. Steinberg held a position in securities of the issuer at either the start or end of the day, excluding data for days in which Mr. Steinberg held no position. An observation is statistically significant at the 5 percent level if the t-statistic is greater than 1.65 based on a one-tailed test. Professor Fischel will testify that the exhibits show that the differences between the SEGMVs of Mr. Steinberg's investments in Dell, Nvidia, and Sun Microsystems and his Position Limit were statistically significant on each of the Key Dates. That is, the differences between the sizes of Mr. Steinberg's investments in Dell, Nvidia, and Sun Microsystems on the Key Dates and his Position Limit cannot be explained by the normal, random variation in the size of Mr. Steinberg's investments in the companies arising from typical daily market movements and his trading.

Professor Fischel will testify that Exhibit 8a – 8c compare the SEGMV of Mr. Steinberg's holdings in Dell, Nvidia, and Sun Microsystems on the Key Dates to Mr. Steinberg's holdings of securities in all other issuers over the period January 1, 2007 through December 31, 2009. The exhibits show the number of instances (i.e. issuer-days) on which Mr. Steinberg held a larger position than he did in Dell, Nvidia, and/or Sun Microsystems on the Key Dates. The exhibits also show the number of issuers in which Mr. Steinberg ever held a larger position than he did in Dell, Nvidia, and/or Sun Microsystems on the Key Dates. Professor Fischel will testify that the exhibits show that there were many instances involving many issuers in which Mr. Steinberg was willing to hold larger positions in the securities of one issuer than he was willing to hold in the securities of Dell, Nvidia, and/or Sun Microsystems on the Key Dates.

### B. Mr. Steinberg hedged his trading in Dell, Nvidia, and Sun Microsystems around the Key Dates

Professor Fischel will testify that Exhibits 9a – 9i display the delta-adjusted market values of Mr. Steinberg's stock and option trading in Dell, Nvidia, and Sun Microsystems during the periods before and including the Key Dates. The blue bars in the exhibits reflect the values on a single day of Mr. Steinberg's "economically long" transactions (i.e. stock purchases, short covers, call option purchases, and sales/shorts/writing put options) and the red bars reflect the values of Mr. Steinberg's "economically short" transactions (i.e. stock sales, stock shorts, put option purchases, and sales/shorts/writing call options).

SAC Capital used delta-adjusted option values to compare and aggregate option values and stock values, for purposes of risk management. Professor Fischel uses contemporaneous data provided by SAC that it used to convert end of day option positions into delta-adjusted values, to convert Mr. Steinberg's trading of the same options into delta-adjusted values. If SAC does not report delta-adjusted values for a particular option on a particular day

KRAMER LEVIN NAFTALIS & FRANKEL LLP
October 25, 2013
Page 6

(for example because Mr. Steinberg sold all of his holdings of that option position during the day) then Professor Fischel uses data on the prior day's delta-adjustment for the option to adjust the current days' trading.

Professor Fischel will testify that these exhibits show that Mr. Steinberg engaged in trading contrary to the direction suggested by the government's allegations, after he allegedly received inside information and before the earnings announcement associated with the Key Dates. He will also testify that Mr. Steinberg's profits were lower than they would have been without many of the contrary trades. The exhibits label and cumulate the amount of trading contrary to the direction suggested by the alleged inside information as well as trading leading to positions that would lose money on the trading day following the questioned earnings announcements.

Professor Fischel will testify that Exhibit 10 shows that Mr. Steinberg frequently held hedged positions in securities issued by Dell and Nvidia immediately before the earnings announcements that are Key Dates. Professor Fischel identifies hedged positions as those instances where Mr. Steinberg held positions that included both securities which would increase in value and securities in the same company which would decrease in value as a result of changes in the company's stock price (*e.g.* a call option which would go up in value if the stock price increased and a short stock position which would go down in value if the stock price increased). Professor Fischel will also testify that Mr. Steinberg's profits were lower than they would have been without many of the hedged positions.

## C. Mr. Steinberg's trading in Dell on August 27, 2009

Professor Fischel will testify about, summarize, and analyze the movement of Dell's stock price on August 27, 2009, following news accounts that Dell had released its earnings information early.

Professor Fischel will testify that on August 27, 2009, Dell was scheduled to announce its second quarter 2009 earnings announcement after the markets closed at 4 p.m. eastern time.[4] At 3:36 p.m., Bloomberg reported information on Dell's earnings to its

---

[4]. "Dell shares get a lift following analyst upgrade," MarketWatch, August 24, 2009.

KRAMER LEVIN NAFTALIS & FRANKEL LLP
October 25, 2013
Page 7

subscribers, based on information posted by Dell on its website.[5]  Dell officially released its
second quarter 2009 earnings early, prior to the markets' close, at 3:57 p.m.[6]

   Professor Fischel will testify that Exhibit 11 graphs Dell's intraday stock price
and market wide volume on August 27, 2009.  The exhibit shows a spike in Dell's stock price,
from $14.61 per share at 3:35:59 p.m. to $15.32 at 3:56:59 p.m., prior to Dell's official earnings
announcement (a 4.9 percent increase).  The exhibit also shows a spike in market wide volume in
Dell stock after 3:36 p.m.

   Professor Fischel will testify that Exhibit 12 presents the results of an intraday
event study, which demonstrates that the increase in Dell's stock price from 3:35:59 p.m. to
3:56:59 p.m. on August 27, 2009 is statistically significant.  Event study analysis is a statistical
method commonly used in financial economics to estimate the relation between releases of new
information and changes in a company's security prices.[7]  Event study analysis takes into
account the association between a company's stock returns and the corresponding returns on
market and/or industry indices on the relevant event dates.  This is typically done by using
regression analysis to estimate the historical relation between a company's stock returns and the
corresponding returns on the market index and/or industry index.  Parameters from the regression
model are then used along with the actual performance of the market index and/or industry index
on the day in question to estimate an expected return.  The expected return is then subtracted
from the actual return to estimate a residual return (sometimes referred to as an "abnormal
return" or "market-adjusted return") on the relevant event date.  In order to estimate an intraday
event study Professor Fischel regressed Dell's stock price returns on the returns from the
Standard & Poor's 500 and an equal weighted index of the companies in the Standard & Poor's
500 Computer and Peripheral Index excluding Dell, from 3:35:59 through 3:56:59 on each
trading day during the six month period before and after August 27, 2009.  He then tested
whether the residual return for 3:35:59 through 3:56:59 on August 27, 2009 was statistically

---

[5].  D. Jones, "Dell's earnings web leak offers 3 lessons for all IROs," September 1, 2009,
Irwebreport.com, accessed at http://irwebreport.com/20090901/dell-earnings-disclosure-
mistake on August 2, 2013.

[6].  "Dell Improves Business Performance Through Continued Execution of Strategic
Agenda; * Revenue and Earnings Improve Sequentially * Cash Flow from Operations
Exceeds $1 Billion; Operating Expenses Down 14 Percent * Operating Income 5.2
Percent of Revenue," Business Wire, August 27, 2009 03:57 PM; "WSJ: Dell 2Q Profit
Down 23%; Revenue Provides Some Hope," Dow Jones News Service, August 27, 2009
06:56 PM; "Dell's Profits Dive, Stock Climbs," Bloomberg Businessweek: Technology,
August 27, 2009.

[7].  *See,* e.g., A.C. MacKinlay, "Event Studies in Economics and Finance," XXXV *Journal of
Economic Literature* (March 1997) pp. 13-39 and D. Fischel, "Use of Modern Finance
Theory in Securities Fraud Cases Involving Actively Traded Securities," 38 Bus. Law 1
(1982).

KRAMER LEVIN NAFTALIS & FRANKEL LLP
October 25, 2013
Page 8

significant using a two-tailed t-test.  Professor Fischel will testify that because the increase in
Dell's stock price over this period was statistically significant, the economic evidence
demonstrates that market participants were aware of and reacted to the early release of Dell's
earnings information prior to Dell's official earnings announcement.

Professor Fischel will testify that Exhibit 13 presents a graph of Mr. Steinberg's
positions in Dell stock on August 27, 2009 between 3:36 p.m. and 3:57 p.m.  The exhibit shows
that Mr. Steinberg increased the size of his holdings of Dell stock by 64 percent, from 244,000
shares to 400,000 shares.  The 156,000 shares of Dell that Mr. Steinberg purchased on August
27, 2009 after 3:36 p.m. were purchased after Dell's earnings information became public.
Professor Fischel will also testify that a trader with advance knowledge of the earnings
announcement would not be expected to increase the size of his position, at higher cost, after
earnings information that he was already aware of became public.

## D.  Trading around earnings announcements is common

Professor Fischel will testify about, summarize, and analyze data showing that
that trading around earnings announcements is common for market participants in general.
Market wide trading volume is typically high around earnings announcement for stocks in
general[8] and for Dell, Nvidia, and Sun Microsystems in particular.  Professor Fischel will testify
that Exhibits 14a – 14c present the results of regression analyses of market wide stock volume in
Dell, Nvidia, and Sun Microsystems from January 1, 2007 through December 31, 2009.[9]  The
exhibit shows that average market wide volume is substantially higher on the trading day before
(day -1), the trading day of (day 0), and the next trading day after (day +1) earnings
announcements than on other days and the differences are typically statistically significant, that
is, not accounted for by the typical random variation in the volume of trading in the companies'
stock.  Professor Fischel will testify that Exhibits 15a – 15c show the average excess volume on
the trading day before, the trading day of, and the next trading day after earnings announcements
compared with volume on all other days, for Dell, Nvidia, and Sun Microsystems, for the periods

---

[8].   *See, e.g.,* L. Bamber, O. Barron, and D. Stevens, "Trading Volume Around Earnings
Announcements and Other Financial Reports:  Theory, Research Design, Empirical
Evidence, and Directions for Future Research, *Contemporary Accounting Research* Vol.
28 No. 2 (Summer 2011) pp. 431 – 471 at 462 (stating that, "trading is abnormally high
around financial disclosures") and J. Abarbanell and S. Kim, "Why Returns around
Earnings Announcement Days are More Informative than Other Days," Kenan-Flagler
Business School, University of North Carolina Working Paper, at p. 43, Figure 2 Panel B.

[9].   The regression for market wide stock volume in Sun Microsystems stock covers the
period from January 1, 2007 through March 17, 2009.  On March 18, 2009, the Wall
Street Journal reported that IBM was in talks to buy Sun Microsystems.  On April 20,
2009, Sun Microsystems and Oracle Corp. announced that they had entered into a
definitive agreement under which Oracle would acquire Sun Microsystems for $9.50 per
share in cash.

KRAMER LEVIN NAFTALIS & FRANKEL LLP
October 25, 2013
Page 9

covered by the regressions.  Professor Fischel will testify that these exhibits show that it was
common for market participants other than Mr. Steinberg to trade around the earnings
announcements of Dell, Nvidia, and Sun Microsystems.

**Additional Work**

      We anticipate that Professor Fischel will take into account additional disclosures
from the government, including the government's anticipated summary charts, as well as any
relevant developments which occur prior to his testimony at trial, and modify and/or supplement
his testimony if appropriate.  As an example, depending on the charts the government produces
relating to so-called parallel trading, and if such proof is permitted, Professor Fischel will also
testify about, summarize, and analyze trading records relating to other firms that the government
alleges participated in the alleged conspiracy, including but not limited to showing that Mr.
Steinberg frequently held positions in Dell, Nvidia, and Sun Microsystems that were different
than the other alleged co-conspirators immediately before the earnings announcements that are
Key Dates.

      Very truly yours,

      Barry H. Berke
      Steven S. Sparling
      Eric Tirschwell

Enclosures

# EXHIBIT 1

**DANIEL R. FISCHEL**                                              **October 2013**

Business Address:

Compass Lexecon
332 South Michigan Avenue
Chicago, Illinois  60604
Tel:  312-322-0209
dfischel@compasslexecon.com

## PROFESSIONAL EXPERIENCE

Lee and Brena Freeman Professor of Law and Business, University of Chicago Law School (7/89 – 12/2005, emeritus as of 1/1/2006); Dean of Law School (1/99 – 2/01); Professor of Law, University of Chicago Law School (1/84 - present); Visiting Professor of Law, University of Chicago Law School (7/82 - 6/83).

Professor of Law and Business, Northwestern University School of Law (1/1/2006 – 5/2011).

Professor, Kellogg School of Management (courtesy appointment, 1/1/2006 – 5/2011).

Jack N. Pritzker Distinguished Visiting Professor of Law, Northwestern University School of Law (6/02-6/03).

Professor of Law and Business, University of Chicago Graduate School of Business (7/87 - 6/90).

Director, Law and Economics Program, University of Chicago (1/84 - 6/91).

Assistant Professor of Law, Northwestern University School of Law (6/80 - 6/81); Associate Professor of Law, Northwestern University School of Law (6/81 - 6/82); promoted to full professor in 6/82.

Attorney with Levy and Erens, Chicago, Illinois (7/79 - 6/80).

Law Clerk for Associate Justice Potter Stewart of the United States Supreme Court (1978 - 1979).

Law Clerk for Judge Thomas E. Fairchild, Chief Judge of the Seventh Circuit Court of Appeals (1977 - 1978).

## CONSULTING EXPERIENCE

President and Chairman, Compass Lexecon (formerly Lexecon).

**AREAS OF SPECIALIZATION**

Corporate Finance, Corporate Control Transactions, Corporations, Financial Institutions, Regulation of Financial Markets, Regulation of Investments, Economic Analysis of Law.

**PUBLICATIONS**

Payback:  The Conspiracy to Destroy Michael Milken and His Financial Revolution, Harper Business (1995).

The Economic Structure of Corporate Law, Harvard University Press (1991) (with Frank H. Easterbrook).

**ARTICLES**

The Use of Trading Models to Estimate Aggregate Damages in Securities Fraud Litigation:  An Update, Briefly… Perspectives on Legislation, Regulation, and Litigation, Vol. 10, No. 3 (National Legal Center for the Public Interest, 2006) (with David J. Ross and Michael A. Keable).

The Hewlett-Packard Merger: A Case Study, in The New Investor Relations, Expert Perspectives on The State Of The Art (Bloomberg Press Princeton, 2004) (with Kenneth R. Cone, Gregory J. Pelnar and David J. Ross).

Market Evidence in Corporate Law, 69 U. Chi. L. Rev. 941 (2002).

Multidisciplinary Practice, The Business Lawyer, Vol. 55, (May 2000).

Government Liability for Breach of Contract, American L. & Econ. Rev. V1 N1/2 313 (1999) (with Alan Sykes).

Lawyers and Confidentiality, 65 U. Chi. L. Rev. 1 (1998).

The Law and Economics of Vanishing Premium Life Insurance, 22 Del. J. Corp. Law 1 (1997) (with Robert S. Stillman).

Clustering and Competition in Asset Markets, 20 J. Law & Econ. 23 (1997) (with Sanford J. Grossman, Merton H. Miller, Kenneth R. Cone and David J. Ross).

Corporate Crime, 25 J. Legal Studies 319 (1996) (with Alan O. Sykes).

The Use of Trading Models to Estimate Aggregate Damages in Securities Fraud Litigation:   A Proposal for Change, in Securities Class Actions:  Abuses and Remedies (The National Legal Center for the Public Interest, 1994) (with David J. Ross).

Civil Rico After Reves: An Economic Commentary, 1993 Sup. Ct. Rev. 157 (with Alan O. Sykes).

Contract and Fiduciary Duty, 36 J. Law & Econ. 425 (1993) (with Frank H. Easterbrook).

Should the Law Prohibit "Manipulation" in Financial Markets?, 105 Harv. L. Rev. 503 (1991) (with David J. Ross).

Efficient Capital Markets, the Crash, and the Fraud on the Market Theory, 74 Cornell L. Rev. 907 (1989).

The Corporate Contract, 89 Colum. L. Rev. 1416 (1989) (with Frank H. Easterbrook); also published in Corporate Law and Economic Analysis (Cambridge University Press 1990) (Lucian Bebchuk ed.).

The Economics of Lender Liability, 99 Yale L. J. 131 (1989).

Should One Agency Regulate Financial Markets, in Black Monday and the Future of Financial Markets (R. Kormendi, R. Kamphuis & J. W. H. Watson, ed.) (Dow Jones-Irwin Inc., 1988).

ERISA's Fundamental Contradiction:  The Exclusive Benefit Rule, 55 U. Chi. L. Rev. 1105 (1988) (with John H. Langbein).

From MITE to CTS:  Takeovers, the Williams Act and the Commerce Clause, 1987 Sup. Ct. Rev. 47.

The Regulation of Banks and Bank Holding Companies, 73 Va. L. Rev. 301 (1987) (with Andrew M. Rosenfield and Robert S. Stillman).

The Regulation of Accounting:  Some Economic Issues, 52 Brooklyn L. Rev. 1051 (1987).

Organized Exchanges and the Regulation of Dual Class Common Stock, 54 U. Chi. L. Rev. 119 (1987).

Comparable Worth and Discrimination in Labor Markets, 53 U. Chi. L. Rev. 891 (1986) (with Edward P. Lazear).

Comparable Worth:  A Rejoinder, 53 U. Chi. L. Rev. 950 (1986) (with Edward P. Lazear).

Close Corporations and Agency Costs, 38 Stan. L. Rev. 271 (1986) (with Frank H. Easterbrook).

The Role of Liability Rules and the Derivative Suit in Corporate Law:  A Theoretical and Empirical Analysis, 71 Corn. L. Rev. 261 (1986) (with Michael Bradley).

Regulatory Conflict and Entry Regulation of New Futures Contracts, 59 J. Bus. S85 (1985).

Optimal Damages in Securities Cases, 52 U. Chi. L. Rev. 611 (1985) (with Frank H. Easterbrook).

The Business Judgment Rule and the Trans Union Case, 40 Bus. Law. 1437 (1985).

Insider Trading and Investment Analysts:  An Economic Analysis of Dirks v. SEC, 13 Hofstra L. Rev. 127 (1984).

Limited Liability and the Corporation, 52 U. Chi. L. Rev. 89 (1985) (with Frank H. Easterbrook).

Labor Markets and Labor Law Compared with Capital Markets and Corporate Law, 51 U. Chi. L. Rev. 1061 (1984).

Customer Protection in Futures and Securities Markets, 4 J. Futures Markets 273 (1984) (with Sanford J. Grossman).

Mandatory Disclosure and the Protection of Investors, 70 Va. L. Rev. 669 (1984) (with Frank H. Easterbrook).

The Appraisal Remedy In Corporate Law, 1983 Am. Bar Found. Res. J. 875.

The Regulation of Insider Trading, 35 Stan. L. Rev. 857 (1983) (with Dennis W. Carlton).

Voting in Corporate Law, 26 J. Law & Econ. 395 (1983) (with Frank H. Easterbrook).

Auctions and Sunk Costs in Tender Offers, 35 Stan. L. Rev. 1 (1982) (with Frank H. Easterbrook).

The Corporate Governance Movement, 35 Vand. L. Rev. 1259 (1982).

Use of Modern Finance Theory in Securities Fraud Cases Involving Actively Traded Securities, 38 Bus. Law 1 (1982).

Antitrust Suits By Targets of Tender Offers, 80 Mich. L. Rev. 1155 (May 1982) (with Frank H. Easterbrook).

Corporate Control Transactions, 91 Yale L. J. 698 (1982) (with Frank H. Easterbrook).

The "Race to the Bottom" Revisited:  Reflections on Recent Developments in Delaware Corporation Law, 76 Nw. Univ. L. Rev. 913 (1982).

Takeover Bids, Defensive Tactics and Shareholders' Welfare, 36 Bus. Law 1733 (1981) (with Frank H. Easterbrook).

The Law and Economics of Dividend Policy, 67 Va. L. Rev. 699 (1981).

The Proper Role of a Target's Management in Responding to a Tender Offer, 94 Harv. L. Rev. 1161 (1981) (with Frank H. Easterbrook) (awarded prize by Emory University for best paper written in law and economics for the year 1981).

Secondary Liability Under Section 10(b) of the Securities Act of 1934, 69 California L. Rev. 80 (1981).

Efficient Capital Market Theory, the Market for Corporation Control, and the Regulation of Cash Tender Offers, 57 Tex. L. Rev. 1 (1978); reprinted in K. Scott and R. Posner ed., Economic Perspectives on Corporation Law and Securities Regulation (Little Brown 1980).

Antitrust Liability for Attempts to Influence Government Action:  The Basis and Limits of the Noerr-Pennington Doctrine, 45 U. Chi. L. Rev. 80 (1977).

Comment, <u>The Demand and Standing Requirements in Stockholder Derivation Actions</u>, 44 U. Chi. L. Rev. 168 (1977).

Comment, <u>The Use of Government Judgments in Private Antitrust Litigation:  Clayton Act Section 5(a), Collateral Estoppel, and Jury Trial</u>, 43 U. Chi. L. Rev. 338 (1976).

## EDUCATION

University of Chicago Law School, Chicago, Illinois; J.D. 1977, cum laude; Order of the Coif; Comment Editor, Vol. 44, University of Chicago Law Review; Approximately top 1% of the Class. Awarded Casper Platt Award for best paper written by a student of the University of Chicago Law School; awarded Jerome N. Frank Prize for excellence in legal writing while a member of the University of Chicago Law Review, 1975 - 1977.  Studied law and economics with Richard Posner and other members of the faculty.


Brown University, Providence, Rhode Island; M.A. 1974 in American History.

Cornell University, Ithaca, New York; major-American History; minor-Economics; B.A. 1972.

## **TESTIMONY**

Deposition of Daniel R. Fischel in Corre Opportunities Fund, LP, Zazove Associates LLC, DJD Group LLLP, First Derivative Traders LP, and Kevan A. Fight vs. Emmis Communications Corporation, United States District Court, Southern District of Indiana, Indianapolis Division, Case No. 1:12-cv-0491-SEB-TAB (October 4, 2013).

Testimony of Daniel R. Fischel In the Matter of the Application of The Bank of New York Mellon, (As Trustee Under Various Pooling and Servicing Agreements and Indenture Trustee under various indentures), Petitioner, for an order, pursuant to CPLR §7701, seeking judicial instructions and approval of a proposed settlement, Index No. 651786/11, Supreme Court of the State of New York, County of New York: Trial Term Part 39 (September 9 and 10, 2013).

Testimony of Daniel R. Fischel In Re: September 11 Litigation, Case No. 21 MC 97 (AKH), United States District Court for the Southern District of New York, (July 16, 2013)

Deposition of Daniel R. Fischel in Cantor Fitzgerald & Co., et al v. American Airlines, Inc., et al, Case No. 21 MC 101 (AKH), 04 CV 7318 (AKH), United States District Court, Southern District of New York (July 1, 2013).

Deposition of Daniel R. Fischel In Re: Pfizer Inc. Securities Litigation, Case No. 04 Civ. 9866 (RO) In The United States District Court for the Southern District of New York (June 28, 2013).

Testimony of Daniel R. Fischel in William T. Esrey, Julie C. Esrey, Ronald T. LeMay and Casondra C. Lemay v. Ernst & Young LLP Arbitration, Case No. 13 107 Y 02332 11 (May 29, 2013).

Deposition of Daniel R. Fischel in Christine Bauer-Ramazani and Carolyn B. Duffy, on behalf of themselves and all other similarly situated v. Teachers Insurance and Annuity Association of America – College Retirement and Equities Fund (TIAA-CREF), et al, in the United States District Court, District of Vermont, Docket No. 1:09-cv-190 (May 21, 2013).

Deposition of Daniel R. Fischel In Re: Google Inc. Class C Shareholder Litigation, In the Court of Chancery of the State of Delaware, Case No. 7469CS (May 17, 2013).

Deposition of Daniel R. Fischel In the Matter of the application of The Bank of New York Mellon (as Trustee under various Pooling and Servicing Agreements and Indenture Trustee under various Indentures), et al., Supreme Court of the State of New York, County of New York, Index No. 651786/2011 (May 9, 2013).

Deposition of Daniel R. Fischel in William T. Esrey, Julie C. Esrey, Ronald T. Lemay, and Casondra C. Lemay v. Ernst & Young, L.L.P., Before the American Arbitration Association, Case No. 1234 (May 7, 2013).

Deposition of Daniel R. Fischel in Archer Well Company, Inc. v. GW Holdings LLC and Wexford Capital LP, in the United States District Court, Southern District of New York, ECF Case No. 1 1:12-cv-06762-JSR (April 5, 2013).

Testimony of Daniel R. Fischel in <u>Meso Scale Diagnostics, LLC , Meso Scale Technologies, LLC v. Roche Diagnostics GmbH, et al.</u>, In the Court of Chancery of the State of Delaware, Civil Action No. 5589-VCP (February 27, 2013).

Deposition of Daniel R. Fischel in <u>Center Partners, Ltd. et al v. Urban Shopping Centers, L.P., et al</u>, Circuit Court of Cook County, Illinois, No. 04 L 012194 (February 6 and 7, 2013).

Deposition of Daniel R. Fischel <u>In Re: September 11 Litigation</u>, United States District Court, Southern District of New York, Civil Action No. 21 MC 101 (AKH) (January 11, 2013).

Deposition of Daniel R. Fischel in <u>Meso Scale Diagnostics, LLC, Meso Scale Technologies, LLC v. Roche Diagnostics GmbH, et al.</u>, In the Court of Chancery of the State of Delaware, Case No: 5589-VCP (November 12, 2012).

Testimony of Daniel R. Fischel in <u>Stuart Bederman, et al. v. Archstone, f/k/a Archstone-Smith Operating Trust,</u> Arbitration before the Honorable Bruce W. Kauffman (October 17, 2012).

Deposition of Daniel R. Fischel in <u>David E. Brown, et al. v. Authentec, Inc. et al.</u>, In the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida, Civil Division, Case No. 05-2012-CA-57589 (September 18, 2012).

Deposition of Daniel R. Fischel in <u>Stuart Bederman, et al. v. Archstone, f/k/a Archstone-Smith Operating Trust,</u> Arbitration before the Honorable Bruce W. Kauffman (September 14, 2012).

Testimony of Daniel R. Fischel in <u>Tronox, Incorporated, et al., v. Kerr-McGee Corporation, et al.,</u> United States Bankruptcy Court, Southern District of New York, Adversary Proceeding No. 09-10098(ALG) (August 7, 8 and 9, 2012).

Deposition of Daniel R. Fischel <u>In re McAfee, Inc. Shareholder Litigation</u>, Superior Court of the State of California, County of Santa Clara, Lead Case No. 1:10-cv-180413 (August 2, 2012).

Testimony of Daniel R. Fischel in <u>Kraft Foods Global, Inc., v. Starbucks Corporation</u>, Arbitration Before JAMS, Arbitration No. 1340008345 (July 31, 2012).

Deposition of Daniel R. Fischel in <u>Altana Pharma AG, and Wyeth v. Teva Pharmaceuticals USA, Inc. and Teva Pharmaceutical Industries, Ltd.</u>, In the United States District Court, District of New Jersey, Consolidated Civil Action Nos. 04-2355 (JLL)(CCC), 05-1966 (JLL)(CCC), 05-3920 (JLL)(CCC) and 05-3672 (JLL)(CCC) (June 1, 2012).

Deposition of Daniel R. Fischel in <u>Kraft Foods Global, Inc. v. Starbucks Corporation</u>, Arbitration before JAMS, Arbitration No. 1340008345 (May 15, 2012).

Deposition of Daniel R. Fischel in <u>Capital One Financial Corporation v. John A. Kanas and John Bohlsen</u>, In the United States District Court for the Eastern District of Virginia, Alexandria Division, Civil Action No. 1:11-cv-750 (LO/TRJ) (May 10, 2012).

Deposition of Daniel R. Fischel <u>In Re: Pfizer Inc. Securities Litigation</u>, In the United States District Court, Southern District of New York, Case 1:04-cv-09866-LTS-HBP (May 3, 2012).

- 9 -

Deposition of Daniel R. Fischel <u>In Re: Moneygram International Inc. Shareholder Litigation</u>, In the Court of Chancery of the State of Delaware, C.A. No. 6387-VCL (April 26, 2012).

Deposition of Daniel R. Fischel in <u>Chona Allison, et al v. CRC Insurance Services, Inc.</u>, In the United States District Court for the Northern District of Illinois, Eastern Division, Case No. 10-3313 (March 14 and 15, 2012).

Deposition of Daniel R. Fischel <u>In Re: Tronox Incorporated, et al., Debtors</u>, In the United States Bankruptcy Court, Southern District of New York, Chapter 11, Case No. 09-10156 (ALG) (February 24, 2012).

Testimony of Daniel R. Fischel <u>In Re: BankAtlantic Bancorp, Inc. Litigation</u>, In the Court of Chancery of the State of Delaware, Consolidated Civil Action No. 7068-VCL (January 27 and 30, 2012).

Deposition of Daniel R. Fischel in <u>Hildene Capital Management, LLC et al v. BankAtlantic Bancorp, Inc., et al</u>, In the Court of Chancery of the State of Delaware, C.A. No. 7068-VCL (January 19, 2012).

Deposition of Daniel R. Fischel in <u>Advanced Analogic Technologies, Incorporated v. Skyworks Solutions, Inc. and Powerco Acquisition Corp.</u>, In the Court of Chancery of the State of Delaware, Arbitration No. 005-A-CS (November 18, 2011).

Testimony of Daniel R. Fischel in <u>Prudential Retirement Insurance and Annuity Company v. State Street Bank and Trust Company and State Street Global Advisors, Inc.</u>, United States District Court, Southern District of New York, Case No. 07-CV-8488 (October 13, 2011).

Deposition of Daniel R. Fischel <u>In re: Inkeepers USA Trust, et al v. Cerberus Series Four Holdings, LLC.</u>, et al, United States Bankruptcy Court, Southern District of New York, Case No. 10-13800 (SCC) (October 5, 2011).

Deposition of Daniel R. Fischel in <u>Mary K. Jones, et al v. Pfizer, Inc., et al</u>, United States District Court, Southern District of New York, Civil Action No. 10-cv-03864 (AKH) ECF (October 4, 2011).

Testimony of Daniel R. Fischel in <u>Marina Del Rey Country Club Apartments, et al. vs. Archstone and Archstone Multifamily Series I Trust</u>, Ruby/Archstone Arbitration (August 30, 2011).

Deposition of Daniel R. Fischel in <u>Maher Terminals, LLC v. The Port Authority of New York and New Jersey</u>, Before the Federal Maritime Commission, FMC Docket No. 08-03 (August 25, 2011).

Testimony of Daniel R. Fischel in <u>Securities and Exchange Commission v. Joseph P. Nacchio, Robert S. Woodruff, Afshin Mohebbi, James J. Kozlowski and Frank T. Noyes</u>, United States District Court for the District of Colorado, Civil Action No. 05-cv-480-MSK-CBS (August 16, 2011).

Affidavit of Daniel R. Fischel in <u>Glenhill Capital LP, et al v. Porsche Automobil Holding, SE, f/k/a Dr. Ing. h.c. F. Porsche AG</u>, Supreme Court of the State of New York, County of New York, Index Number 650678/2011 (August 15, 2011).

Deposition of Daniel R. Fischel in <u>Fairfax Financial Holdings Limited and Crum & Forster Holdings Corp. v. S.A.C. Capital Management, LLC, et al.</u>, Superior Court of New Jersey, Law Division: Morris County, Docket No. MRS-L-2032-06 (July 27, 2011).

Deposition of Daniel R. Fischel <u>In re: Lyondell Chemical Company, et al v. Leonard Blavatnik</u>, et al., United States Bankruptcy Court, Southern District of New York, Chapter 11 Case No. 09-10023 – (REG) (Jointly Administered) (July 25, 2011).

Deposition of Daniel R. Fischel <u>In Re Constar Int'l Inc. Securities Litigation</u>, United States District Court, Eastern District of Pennsylvania, Master File No. 03cv05020 (June 28, 2011).

Affidavit of Daniel R. Fischel <u>In Re Massey Energy Co. Derivative and Class Action Litigation</u>, In The Court of Chancery of the State of Delaware, C.A. No. 5430-VCS (May 20, 2011).

Deposition of Daniel R. Fischel in <u>Marina Del Rey Country Club, et al v. Archstone and Archstone Multifamily Series I Trust</u>, Ruby/Archstone Arbitration (May 9, 2011).

Testimony of Daniel R. Fischel in <u>The Dow Chemical Company v. Petrochemical Industries Company (K.S.C.)</u>, International Chamber of Commerce, International Court of Arbitration, ICC Case No. 16127/JEM/MLK (April 7, 2011).

Testimony of Daniel R. Fischel <u>In Re: Tribune Company, et al., Debtors</u>, In the United States Bankruptcy Court for the District of Delaware, Chapter 11, Case No. 08-13141 (KJC) (March 10, 2011).

Deposition of Daniel R. Fischel <u>In Re: Tribune Company, et al., Debtors</u>, In the United States Bankruptcy Court for the District of Delaware, Chapter 11, Case No. 08-13141 (KJC) (March 2, 2011).

Deposition of Daniel F. Fischel <u>In Re: Genetically Modified Rice Litigation</u>, In the United States District Court for the Eastern District of Missouri, Eastern Division, Case No. 4:06 MD 1811 CDP (February 15, 2011).

Deposition of Daniel R. Fischel in <u>Riceland Food, Inc. v. Bayer Cropscience LP, et al</u>, In the United States District Court, Eastern District of Missouri, Eastern Division, Case No. 4:09-cv-00433 CDP (January 18, 2011).

Deposition of Daniel R. Fischel <u>In Re:  Genetically-Modified Rice Litigation</u>, In the United States District Court for the Eastern District of Missouri, Case No. 4:06-MD-1811 (November 11, 12, 2010).

Deposition of Daniel R. Fischel in <u>Coleen Witmer, Individually, and on Behalf of All Others Similarly Situated v. Dynegy Inc.</u>, In the District Court of Harris County, Texas, 234th Judicial District (November 6, 2010).

Testimony of Daniel R. Fischel in <u>Terra Firma (GP) 2 Investments Limited v. Citigroup Inc.</u>, United States District Court for the Southern District of New York, No. 1:09-CV-10459 (JSR) (November 2, 2010).

Testimony of Daniel R. Fischel in <u>Terra Firma (GP) 2 Investments Limited v. Citigroup Inc.,</u>
United States District Court for the Southern District of New York, No. 1:09-CV-10459
(JSR)  (October 22, 2010).

Testimony of Daniel R. Fischel in <u>Air Products and Chemicals, Inc. v. Airgas, Inc., Peter</u>
<u>McCausland, et al</u>, In the Court of Chancery of the State of Delaware, C.A. No. 5249-CC
(October 5, 2010).

Deposition of Daniel R. Fischel in <u>Air Products and Chemicals, Inc. v. Airgas, Inc., Peter</u>
<u>McCausland, et al</u>, In the Court of Chancery of the State of Delaware, C.A. No. 5249-CC
(September 8, 2010).

Deposition of Daniel R. Fischel in <u>Terra Firma (GP) 2 Investments Limited v. Citigroup Inc.,</u>
United States District Court for the Southern District of New York, No. 1:09-CV-10459
(JSR) (July 28, 2010).

Deposition of Daniel R. Fischel in <u>Citadel Investment Group, L.L.C. et al v. Mikhail Malyshev and</u>
<u>Jace Kohlmeier</u>, In the American Arbitration Association, Case No.AAA No. 51 166 00969
09 (July 13, 2010).

Testimony of Daniel R. Fischel <u>In Re: United States of America v. Joseph P. Nacchio</u>, in the
United States District Court for the District of Colorado, Case No. 05-CR-00545-EWN
(June 23, 2010).

Deposition of Daniel R. Fischel in <u>Cantor Fitzgerald Securities, Cantor Fitzgerald & Co., Cantor</u>
<u>Fitzgerald Partners v. The Port Authority of New York and New Jersey</u>, in the Supreme
Court of the State of New York, County of New York, Case No. 105447/94 (June 4, 2010).

Deposition of Daniel R. Fischel in <u>Alaska Retirement Management Board on behalf of State of</u>
<u>Alaska Public Employees' Retirement System and State of Alaska Teachers' Retirement</u>
<u>System v. Mercer (US), Inc., Mercer Human Resources Consulting, Inc., and William M.</u>
<u>Mercer, Inc.</u>, in The Superior Court for the State of Alaska, First Judicial District at Juneau,
Case No. 1JU-07-974CI (April 29, 2010).

Deposition of Daniel R. Fischel <u>In Re: ACS Shareholders Litigation</u>, in The Court of Chancery of
the State of Delaware, Consolidated Case No. 4940-VCP (April 26, 2010).

Testimony of Daniel R. Fischel in <u>Securities and Exchange Commission v. Carl W. Jasper</u>, in the
United States District Court for the Northern District of California, San Jose Division, Case
No. C-07-06122-JW (April 16, 2010).

Deposition of Daniel R. Fischel in <u>Prudential Retirement Insurance and Annuity Company v.</u>
<u>State Street Bank and Trust Company and State Street Global Advisors, Inc.</u>, in the United
States District Court, Southern District of New York, Case No. 07 CIV 8488 (April 9, 2010).

Deposition of Daniel R. Fischel <u>In re: Lyondell Chemical Company, et al., Debtors.  Official</u>
<u>Committee of Unsecured Creditors, on behalf of the Debtors' Estates v. Citibank, N.A., et</u>
<u>al.</u>, in the United States Bankruptcy Court, Southern District of New York, Chapter 11 Case
No. 09-10023 – (RED) (December 2, 2009).

Deposition of Daniel R. Fischel in Securities and Exchange Commission v. Carl W. Jasper, In the United States District Court, Northern District of California, San Jose Division, Case No. CV 07-6122 (HRL) (October 22, 2009).

Testimony of Daniel R. Fischel in Ventas, Inc. v. HCP, Inc., In the United States District Court of the Western District of Kentucky at Louisville, Civil Action No. 3:07-cv-00238-JGH (September 2, 2009).

Deposition of Daniel R. Fischel in Frank K. Cooper Real Estate #1, Inc., et al vs. Cendant Corporation f/k/a Hospitality Franchise Systems and Century 21 Real Estate Corporation, Superior Court of New Jersey, Law Division: Morris County, Docket No. MRS-L-377-02 (August 10, 2009).

Deposition of Daniel R. Fischel in Ventas, Inc. v. HCP, Inc., In the United States District Court of the Western District of Kentucky at Louisville, Civil Action No. 3:07-cv-00238-JGH (August 3, 2009).

Deposition of Daniel R. Fischel in U.S. Commodity Futures Trading Commission v. Amaranth Advisors, L.L.C., Amaranth Advisors (Calgary) and Brian Hunter, in the United States District Court, Southern District of New York, Case No. 07 CIV 6682 (July 8, 2009).

Declaration and Expert Surrebutal Report of Daniel R. Fischel in Ventas, Inc. v. HCP, Inc., In The United States District Court for the Western District of Kentucky at Louisville, Case No. 3:07-CV-00238-JGH (June 22, 2009).

Testimony of Daniel R. Fischel in NRG Energy, Inc. v. Exelon Corporation and Exelon Exchange Corporation, in the United States District Court, Southern District of New York, Case No. 09-CV-2448 (JGK) (DFE), (June 3, 2009).

Deposition of Daniel R. Fischel In Re: Delphi Corporation v. Appaloosa Management L.P., et al., In the United States Bankruptcy Court, Southern District of New York; Chapter 11, Case No. 05-44481(RDD) (Jointly administered), (June 2, 2009).

Deposition of Daniel R. Fischel in NRG Energy, Inc. v. Exelon Corporation and Exelon Exchange Corporation, in the United States District Court, Southern District of New York, Case No. 09-CV-2448 (JGK) (DFE), (May 31, 2009).

Deposition of Daniel R. Fischel in e-Bay Domestic Holdings, Inc. v. Craig Newmark and James Buckmaster and Craigslist, Inc., in the Court of Chancery of the State of Delaware, Case No. 3705-CC (May 29, 2009)

Testimony of Daniel R. Fischel In Re: Lawrence E. Jaffe Pension Plan, et al v. Household International, Inc., et al, in the United States District Court for the Northern District of Illinois, Eastern Division, No. 02-C-5893 (April 16, 20, 28 and 29, 2009).

Deposition of Daniel R. Fischel In Re: Rohm and Haas Company v. The Dow Chemical Company and Ramses Acquisition Corp., In the Court of Chancery of the State of Delaware, C.A. No. 4309-CC (March 4, 2009).

Deposition of Daniel R. Fischel In the Matter of Hoffman, et al. v. American Express Travel Related Services Company, Inc., et al., in the Superior Court of the State of California, in and for the County of Alameda, Case No. 2001-022881 (January 15, 2009).

Deposition of Daniel R. Fischel <u>In Re: TyCom Ltd. Securities Litigation</u>, in the United States District Court, District of New Hampshire, Docket No. 03-CV-1352 (September 22, 2008).

Deposition of Daniel R. Fischel <u>In Re: Hexion Specialty Chemicals, Inc., et al v. Huntsman Corp.</u>, in the Court of Chancery of the State of Delaware, Civil Action No. 3841-VCL (September 4, 2008).

Deposition of Daniel R. Fischel <u>In Re: Stone Energy Corp. Securities Litigation</u>, in the United States District Court, Western District of Louisiana, Lafayette-Opelousas Division, Civil Action No. 6:05CV2088 (LEAD) (July 16, 2008).

Deposition of Daniel R. Fischel <u>In Re:  Initial Public Offering Securities Litigation</u>, in the United States District Court, Southern District of New York, Master File No. 21 MC 92 (SAS) (April 3 and 4, 2008).

Deposition of Daniel R. Fischel <u>In Re: Lawrence E. Jaffe Pension Plan, et al v. Household International, Inc., et al</u>, in the United States District Court for the Northern District of Illinois, Eastern Division, No. 02-C-5893 (March 21, 2008).

Deposition of Daniel R. Fischel <u>In Re: IAC/InteractiveCorp and Barry Diller v. Liberty Media Corporation</u>, in the Court of Chancery of the State of Delaware in and for New Castle County, Consolidated Case Number 3486-VCL (February 29, 2008).

Testimony of Daniel R. Fischel <u>In Re: Immunicon Corporation v. Veridex LLC</u>, before the American Arbitration Association (Commercial Arbitration Rules), Case Number 50 180T 00192 07 (January 17, 2008).

Deposition of Daniel R. Fischel <u>In Re: Unitedglobalcom Shareholders Litigation</u>, in the Court of Chancery of the State of Delaware in and for New Castle County, Consolidated C.A. No. 1012-N (November 19, 2007).

Deposition of Daniel R. Fischel <u>In Re:  Cendant Corporation Litigation</u>, in the United States District Court for the District of New Jersey, Master File No. 98-1664 (WHW) (November 15, 2007).

Deposition of Daniel R. Fischel <u>In Re:  Cendant Corporation Litigation</u>, in the United States District Court for the District of New Jersey, Master File No. 98-1664 (WHW) (October 16, 2007).

Deposition of Daniel R. Fischel <u>In Re Schering-Plough Corporation Securities Li</u>tigation, in the United States District Court for the District of New Jersey, Master File No. 01-CV-0829 (KSH/RJH) (October 12, 2007).

Deposition of Daniel R. Fischel <u>In Re: Carpenters Health & Welfare Fund, et al. vs. The Coca-Cola Company</u>, in the United States District Court, Northern District of Georgia, Atlanta Division, File No. 1:00-CV-2838-WBH (Consolidated) (September 26, 2007).

Deposition of Daniel R. Fischel <u>In Re: Parker Freeland, et al., vs. Iridium World Communications, Ltd., et al.</u>, in the United States District Court for the District of Columbia, Civil Action No. 99-1002 (August 7, 2007).

Deposition of Daniel R. Fischel In Re: Chuck Ginsburg v. Philadelphia Stock Exchange, Inc., et al., In the Court of Chancery of the State of Delaware in and for New Castle County, C.A. No. 2202-N (June 12, 2007).

Testimony of Daniel R. Fischel In Re: Holcombe T. Green and HTG Corp. v. McKesson, Inc., et al, In the Superior Court for the County of Fulton, State of Georgia, Civil Action File No. 2002-CV-48407 (June 5, 2007).

Affidavit of Daniel R. Fischel In Re: Lear Corporation Shareholders Litigation, In the Court of Chancery of the State of Delaware, Consolidated C.A. No. 2728-VCS (May 30, 2007).

Affidavit of Daniel R. Fischel In Re: Aeroflex, Inc. Shareholder Litigation, in the Supreme Court of the State of New York, County of Nassau: Commercial Division, Index No. 07-003943 (May 23, 2007).

Deposition of Daniel R. Fischel In Re:  Holcombe T. Green and HTG Corp. v. McKesson, Inc., HBO & Company, Albert Bergonzi, and Jay Gilbertson, in the Superior Court for the County of Fulton, State of Georgia, Civil Action File No. 2002W48407 (May 21, 2007).

Deposition of Daniel R. Fischel In Re: Adelphia Communications Corp. v. Deloitte & Touche LLP, et al, in the Court of Common Pleas, Philadelphia County, Pennsylvania, Case No. 000598 (May 3 and 4, 2007).

Testimony of Daniel R. Fischel In Re: United States of America v. Joseph P. Nacchio, in the United States District Court for the District of Colorado, Case No. 05-CR-00545-EWN (April 9, 2007).

Deposition of Daniel R. Fischel In Re: MK Resources Company Shareholders Litigation, in the Court of Chancery for the State of Delaware in and for New Castle County, C.A. No. 1692-N (February 22, 2007).

Deposition of Daniel R. Fischel In Re: Starr International Company, Inc. v. American International Group, Inc., In the United States District Court, Southern District of New York, Case No. 05 CV 6283 (January 26, 2007).

Written testimony of Daniel R. Fischel In Re: Verizon Communications Inc. and Verizon Services Corp. v. Christopher G. Pizzirani, In the United States District Court for the Eastern District of Pennsylvania, Case No. 2:06-cv-04645-MK (November 6, 2006).

Testimony of Daniel R. Fischel In Re: Northeast Savings, F.A. v. United States of America, In The United States Claims Court, Case No. 92-550 C (November 2 and 9, 2006).

Testimony of Daniel R. Fischel In Re: United States of America v. Sanjay Kumar and Stephen Richards, United States District Court, Eastern District of New York, 04 Civ. 4104 (ILG) (October 25, 2006).

Affidavit of Daniel R. Fischel In Re: Lionel I. Brazen and Nancy Hammerslough, et al v. Tyco International Ltd., et al, In the Circuit Court of Cook County, Illinois County Department, Chancery Division, No. 02 CH 11837 (September 18, 2006).

Deposition of Daniel R. Fischel In Re: Tele-Communications, Inc. Shareholders Litigation, in the Court of Chancery of the State of Delaware in and for New Castle County, Consolidated C.A. No. 16470 (September 15, 2006).

Affidavit of Daniel R. Fischel In Re: United States of America v. Sanjay Kumar and Stephen Richards, United States District Court, Eastern District of New York, 04 Civ. 4104 (ILG) (September 8, 2006).

Deposition of Daniel R. Fischel In Re: James Gilbert v. McKesson Corporation, et al., in the State Court of Fulton County, State of Georgia, Civil Action File No. 02VS032502C (September 7, 2006).

Supplemental Declaration of Daniel R. Fischel In Re: United States of America v. Jeffrey K. Skilling, in the United States District Court, Southern District of Texas, Houston Division, Crim. No. H-04-25 (Lake, J.) (August 25, 2006).

Affidavit of Daniel R. Fischel In Re: United States of America v. Sanjay Kumar and Stephen Richards, United States District Court, Eastern District of New York, 04 Civ. 4104 (ILG) (August 22, 2006).

Declaration of Daniel R. Fischel In Re: United States of America v. Jeffrey K. Skilling, in the United States District Court, Southern District of Texas, Houston Division, Crim. No. H-04-25 (Lake, J.) (August 3, 2006).

Deposition of Daniel R. Fischel In Re: Enron Corporation Securities Litigation, in the United States District Court, Southern District of Texas, Houston Division, Case Number: H-01-3624 (May 24, 2006).

Testimony of Daniel R. Fischel In Re: Guidant Corporation Shareholders Derivative Litigation, in the United States District Court, Southern District of Indiana, Indianapolis Division, Master Derivative Docket No. 1:03-CV-955-SEB-WTL (January 20, 2006).

Testimony of Daniel R. Fischel In Re. Hideji Jumbo Tanaka v. Cerberus Far East Management, L.L.C., et al., AAA Case No. 50 T 116 00284 03, (December 15, 2005).

Deposition of Daniel R. Fischel  In Re: McKesson HBOC, Inc. Securities Litigation, in the United States District Court for the Northern District of California, No. C-99-20743-RMW (August 16, 2005).

Testimony of Daniel R. Fischel In the Matter of Visconsi Companies Ltd., et al. and Lehman Brothers, et al., National Association of Securities Dealers Department of Arbitration, Grievance No. 03-07606 (July 26, 2005).

Testimony of Daniel R. Fischel in re: John P. Crowley, as Receiver of Ambassador Insurance Company v. Doris June Chait, et al., in the United States District Court for the District of New Jersey, Case No. 85-2441 (HAA) (July 21 and 22, 2005).

Deposition of Daniel R. Fischel In re: Electronic Data Systems Corporation Securities Litigation, in the United States District Court for the Eastern District of Texas, Tyler Division, Case No. 6:03-MD-1512 (July 20, 2005).

- 16 -

Testimony of Daniel R. Fischel in re: <u>United States of America v. Philip Morris, Inc., et al</u>, in the United States District Court for the District of Columbia, Case No. 1:99CV02496 (May 26 and 27, 2005).

Deposition of Daniel R. Fischel in re: <u>Cordis Corporation v. Boston Scientific Corporation, et ano</u>, in the United States District Court for the District of Delaware, Case No. 03-027-SLR (May 25, 2005).

Deposition of Daniel R. Fischel in re: <u>United States of America v. Philip Morris, Inc., et al</u>, in the United States District Court for the District of Columbia, Case No. 1:99CV02496 (May 16, 2005).

Testimony of Daniel R. Fischel in re: <u>Drury Industries, Inc. v. Drury Properties, Inc.,</u> in the First Judicial District Court of the State of Nevada in and for Carson City, Nevada (April 6 and 7, 2005).

Deposition of Daniel R. Fischel in re: <u>Jerry R. Summers and George T. Lenormand, et al v. UAL Corporation ESOP Committee, Marty Torres, Barry Wilson, Doug Walsh, Ira Levy, Don Clements, Craig Musa, and State Street Bank and Trust Company</u>, in the United States District Court for the North District of Illinois, Eastern Division, No. 03 C 1537 (March 9, 2005).

Deposition of Daniel R. Fischel in re: <u>Drury Industries, Inc. v. Drury Properties, Inc.,</u> in the First Judicial District Court of the State of Nevada in and for Carson City, Nevada (March 7 and 10, 2005).

Testimony of Daniel R. Fischel In the Matter of <u>Fyffes PLC v. DCC PLC, S&L Investments Limited, James Flavin and Lotus Green Limited</u>, in The High Court, Dublin, Ireland (2002 No. 1183P)  (February 1 and 2, 2005).

Deposition of Daniel R. Fischel <u>In the Matter of the Arbitration  between The Canada Life Assurance Company and The Guardian Life Insurance Company of America</u> (January 12, 2005).

Deposition of Daniel R. Fischel <u>In Re:  IDT Corporation vs. Telefonica, S.A., et al</u>, in the United States District Court, District of New Jersey, Civil Action No. 01-CV 471 (December 14, 2004).

Deposition of Daniel R. Fischel <u>In Re:  DQE, Inc. Securities Litigation</u>, in the United States District Court, Western District of Pennsylvania, Master File No. 01-1851 (December 7, 2004)

Testimony of Daniel R. Fischel <u>In Re United States of America v. Daniel Bayly, James A Brown, Robert S. Furst, Daniel O. Boyle, William R. Fuhs and Sheila K. Kahanek</u>, in the United States District Court of Southern Texas Houston Division, Case No. H-CR-03-363 (November 4, 2004).

Testimony of Daniel R. Fischel <u>In the Matter of the Arbitration Between The Canada Life Assurance Company, Petitioner v. Caisse Centrale De Reassurance, Respondent</u>, (November 2, 2004).

Testimony of Daniel R. Fischel <u>In Re Yankee Atomic Electric Company, Connecticut Yankee Atomic Power Company, and Maine Yankee Atomic Power Company v. The United States</u>, in the United States Court of Federal Claims, Case Nos. 98-126C, 98-154C and 98-474C (August 9, 2004).

Affidavit of Daniel R. Fischel <u>In Re Oracle Corp. Derivative Litigation</u>, in the Court of the Chancery of the State of Delaware In and For New Castle County, Consolidated Civil Action No. 18751 (June 8, 2004).

Deposition of Daniel R. Fischel in re: <u>Reading International, Inc., et al v. Regal Entertainment Group, et al,</u> (Delaware Chancery Court) (May 30, 2004) .

Affidavit of Daniel R. Fischel in re: <u>Reading International, Inc., et al v. Regal Entertainment Group, et al,</u> (Delaware Chancery Court) (May 28, 2004) .

Deposition of Daniel R. Fischel in re: <u>Northeast Savings, F.A. v. United States of America</u>, in the United States Claims Court, Case No. 92-550-C (May 4, 5 and 6, 2004).

Deposition of Daniel R. Fischel in re:  <u>Tyson Foods, Inc. Securities Litigation</u>, in the United States District Court for the District of Delaware, Civil Action No. 01-425-SLR (March 18, 2004).

Testimony of Daniel R. Fischel Re: <u>In the Matter of Coram Healthcare Corp. and Coram, Inc., Debtors</u>, In the United States Bankruptcy Court for the District of Delaware, Case No. 00-3299 Through 00-3300 (MFW) (March 4, 2004).

Testimony of Daniel R. Fischel in <u>Tracinda Corporation v. DaimlerChrysler AG, et al</u>, in the United States District Court for the District of Delaware, Civil Action No. 00-984 (February 11, 2004).

Deposition of Daniel R. Fischel in <u>Gerald K. Smith, as Plan Trustee for and on behalf of the Estates of Boston Chicken, Inc., et al. v. Arthur Anderson LLP, et al.</u>, in the United States District Court for the Northern District of Illinois, Case Nos. CIV-01-218-PHX-PGR, CIV-01-246-PHX-EHC, CIV-02-1162-PHX-PGR, CIV-02-1248-PHX-PGR (Consolidated) (October 29 and 30, 2003).

Deposition of Daniel R. Fischel in <u>Irene Abrams, on behalf of herself and all others similarly situated v. Van Kampen Funds, Inc., Van Kampen Investment Advisory Corp., Van Kampen Prime Rate Income Trust, Howard Tiffen, Richard F. Powers III, Stephen L. Boyd, Dennis J. McDonnell and Jeffrey W. Maillet</u>, in the United States District Court for the Northern District of Illinois, Eastern Division, Case No. 01-C-7538 (October 21, 2003).

Deposition of Daniel R. Fischel Re: <u>In the Matter of Coram Healthcare Corp. and Coram, Inc., Debtors</u>, In the United States Bankruptcy Court for the District of Delaware, Case No. 00-3299 Through 00-3300 (MFW) (October 13, 2003).

Testimony of Daniel R. Fischel in <u>Transcore Holdings, Inc. v. Rocky Mountain Mezzanine Fund II, LP; Hanifen Imhoff Mezzanine Fund, LP; Moramerica Capital Corporation; and NDSBIC, LP and W. Trent Ates and Fred H. Rayner, In Re: Jams Arbitration</u>, Case No. 1410003193 (September 24, 2003).

Deposition of Daniel R. Fischel in Transcore Holdings, Inc. v. Rocky Mountain Mezzanine Fund II, LP; Hanifen Imhoff Mezzanine Fund, LP; Moramerica Capital Corporation; and NDSBIC, LP and W. Trent Ates and Fred H. Rayner, In Re: Jams Arbitration, Case No. 1410003193 (May 13, 2003).

Deposition of Daniel R. Fischel in AT&T Broadband Management Corporation v. CSG Systems, Inc., American Arbitration Association No. 77 181 00159 02 VSS (April 9, 2003).

Deposition of Daniel R. Fischel In Re: DaimlerChrysler AG Securities Litigation, in the United States District Court for the District of Delaware, Civil Action No. 00-993-JJF (February 11 and 12, 2003).

Deposition of Daniel R. Fischel in David T. Bard, Commissioner of Banking and Insurance for the State of Vermont, as Receiver for Ambassador Insurance Company v. Arnold Chait, et al, in the United States District Court for the District of New Jersey, Civil Action No. 85-2441 (December 12, 2002).

Testimony of Daniel R. Fischel in MHC Financing Limited Partnership, et al vs. City of San Rafael, et al, in the United States District Court, Northern District of California, Case No. C 00-3785 VRW (November 6, 2002).

Deposition of Daniel R. Fischel in MHC Financing Limited Partnership, et al vs. City of San Rafael, et al, in the United States District Court, Northern District of California, Case No. C 00-3785 VRW (October 16, 2002).

Deposition of Daniel R. Fischel in Maine Yankee Atomic Power Company v. United States of America, In the United States Court of Federal Claims, Case No. 98-474 C (October 8 and 9, 2002).

Testimony of Daniel R. Fischel in California Federal Bank, FSB v. The United States of America, In the United States Court of Federal Claims, Case No. 92-138C (September 20 and 23, 2002).

Deposition of Daniel R. Fischel in Maine Yankee Atomic Power Company v. United States of America, In the United States Court of Federal Claims, Case No. 98-474 C (September 4 and 6, 2002).

Deposition of Daniel R. Fischel In the Matter of RDM Sports Group, Inc., et al v. Smith, Gambrell, Russell, L.L.P.; et al, In the United States Bankruptcy Court for the Northern District of Georgia, Newnan Division, Case No. 00-1065 (May 14 and 15, 2002).

Deposition of Daniel R. Fischel in Walter B. Hewlett, individually and as Trustee of the William R. Hewlett Revocable Trust, and Edwin E. van Bronkhorst as Co-Trustee of the William R. Hewlett Revocable Trust v. Hewlett-Packard Company, in the Court of the Chancery of the State of Delaware in and for New Castle County (April 24, 2002).

Deposition of Daniel R. Fischel in California Federal Bank, FSB, v. The United States of America, in the United States District Court of Federal Claims, Case No. 92-138C (April 16 and 17, 2002).

Deposition of Daniel R. Fischel In Re: Computer Associates Class Action Securities Litigation, in the United States District Court, Eastern District of New York, File No. 98-CV-4839 (TPC) (MLO) (March 19 and 20, 2002).

Deposition of Daniel R. Fischel in United States of America v. David Blech, In the United States District Court, Southern District of New York, Case No. S1 97 Cr. 402 (KTD) (February 13, 2002).

Testimony of Daniel R. Fischel Re: In the Matter of Coram Healthcare Corp. and Coram, Inc., Debtors, In the United States Bankruptcy Court for the District of Delaware, Case No. 00-3299 Through 00-3300 (MFW) (December 14, 2001).

Deposition of Daniel R. Fischel in Re: Sunbeam Securities Litigation, In the United States District Court, Southern District of Florida, Miami Division, Case No. 98-8258-CIV – Middlebrooks (December 4, 5 and 6, 2001).

Affidavit of Daniel R. Fischel in Re: Jack M. Webb, Special Deputy Receiver For American Eagle Insurance Company v. Elvis Mason, Mason Best Company, L.P., Don D. Hutson, American Eagle Group, Inc., Marion Phillip Guthrie, Frederick G. Anderson, George F. Cass, Richard M. Kurz, Patricia S. Pickard, Arthur Andersen & Co., L.L.P., and Towers, Perrin Forester & Crosby, Inc., D/B/A Tillinghast, In the District Court of Travis County, Texas, 201st Judicial District, Cause No. 99-08253 (September 7, 2001).

Declaration of Daniel R. Fischel Re: In the Matter of Inquiry Concerning High-Speed Access to the Internet Over Cable and Other Facilities:  Before the Federal Communications Commission, Washington DC, GN Docket No. 00-185, (Declaration with K. Arrow, G. Becker, D. Carlton, R. Gertner, J. Kalt, H. Sider, and Gustavo Bamberger) (July 24, 2001).

Declaration of Daniel R. Fischel in Re:  Walter Green, on behalf of himself and all others similarly situated v. Merck-Medco Managed Care, L.L.C., United States District Court, Southern District of New York, Civil Action No. 99 CIV 0847 (CLB) (June 18, 2001).

Testimony of Daniel R. Fischel in Re:Tyson Foods, Inc. and Lasso Acquisition Corporation v. IBP, Inc., Delaware Chancery Court, (May 25, 2001).

Deposition of Daniel R. Fischel in Re:Tyson Foods, Inc. and Lasso Acquisition Corporation v. IBP, Inc., Delaware Chancery Court, (May 10, 2001).

Deposition of Daniel R. Fischel in Re:  Myron Weiner, Nicholas Sitnycky, Ronald Anderson and Robert Furman on behalf of themselves and all others similarly situated v. The Quaker Oats Company and William D. Smithburg, United States District Court, Northern District of Illinois, Case No. 98 C 3123, (January 24, 2001).

Deposition of Daniel R. Fischel in Re:  Retsky Family Limited Partnership v. Price Waterhouse, LLP, United States District Court, Northern District of Illinois, Eastern Division, No. 97 C 7694, (October 31, 2000).

Joint Affidavit of Daniel R. Fischel and David J. Ross in Re:  Floyd D. Wilson, for himself and all others similarly situated v. Massachusetts Mutual Life Insurance Company, in the First Judicial District Court, County of Santa Fe, State of New Mexico, No. D0101 CV-98-02814 (August 4, 2000).

Affidavit of Daniel R. Fischel in Re:  <u>T. Rowe Price Recovery Fund, L.P., and Carl Marks Management Co., L.P., individually and derivatively on behalf of Seaman Furniture Co., Inc.</u> v. <u>James Rubin, M.D. Sass Associates, Inc., Resurgence Asset Management, L.L.C., M.D. Sass Corporation Resurgence Partners, L.P. , M.D. Sass Corporate Resurgence International, Ltd., Robert Symington, Byron Haney, Alan Rosenberg, Steven H. Halper, and Peter McGeough and Seaman Furniture Co., Inc.,</u> In the Court of Chancery of the State of Delaware in and for New Castle County, C.A. No. 18013, (June 7, 2000).

Testimony of Daniel R. Fischel in Re:  <u>Bank United of Texas, FSB, et al.</u>, v. <u>United States of America</u>, United States Court of Federal Claims, Case Number 95-437C, (October 12 and 14, 1999).

Deposition of Daniel R. Fischel in Re:  <u>Bank United of Texas, FSB, et al.</u>, v. <u>United States of America</u>, United States Court of Federal Claims, Case Number 95-437C, (September, 26, 1999; July 10, 1999; and June 16, 17, 1999),

Testimony of Daniel R. Fischel in Re:  <u>C. Robert Suess, et al.</u>, v. <u>The United States</u>, United States Court of Federal Claims, No. 90- 981C (May 17, 1999).

Testimony of Daniel R. Fischel in Re: Lexecon, Inc. v. Milberg Weiss Bershad Specthrie & Lerach, et al. in the United States District Court, Northern District of Illinois Eastern Division, Case No. 92 C 7768 (March 8, 9, 10 and 15, 1999).

Testimony of Daniel R. Fischel in Re:  <u>California Federal Bank</u> v. <u>United States</u>, in the United States Court of Federal Claims, Case Number 92-138C, (February 4 and 11, 1999).

Deposition of Daniel R. Fischel in Re:  <u>California Federal Bank</u> v. <u>United States</u>, in the United States Court of Federal Claims, Case Number 92-138C, (February 6, 1999; January 27 and 30, 1999).

Deposition of Daniel R. Fischel in Re:  <u>C. Robert Suess, et al.</u>, v. <u>The United States</u>, United States Court of Federal Claims, No. 90- 981C (October 27 and 28, 1998).

Deposition of Daniel R. Fischel in Re:  <u>Connector Service Corporation</u> v. <u>Jeffrey Briggs</u>, United States District Court, Northern District of Illinois, Eastern Division, No. 97-C-7088 (August 28, 1998).

Deposition of Daniel R. Fischel in Re:  <u>Statesman Savings Holding Corp., et al.</u> v. <u>United States of America</u>, United States Court of Federal Claims, Case No. 90-773C, (May 4, 1998 and February 12, 1998).

Testimony of Daniel R. Fischel in Re:  <u>Glendale Federal Bank FSB</u> v. <u>United States of America</u>, United States Court of Federal Claims, No. 90-772C, (March 24, 25 and 26, 1998; September 2, 3, 4, 5, 8, 9, 10, 11, 12, 24, 25, 26 and 27, 1997; October 7, 9, 16, 17, 30 and 31, 1997; December 8, 9 and 10, 1997).

Affidavit of Daniel R. Fischel and David J. Ross in Re:  <u>Publicis Communication</u> v. <u>True North Communications Inc., et al.</u>, United States District Court, Northern District of Illinois, Eastern Division, Case No. 97-C-8263, (December 7, 1997).

Deposition of Daniel R. Fischel in Re:  <u>Glendale Federal Bank FSB</u> v. <u>United States of America</u>, United States Court of Federal Claims, No. 90-772C, (August 27 and 28, 1997).

Testimony of Daniel R. Fischel in Re:  AUSA Life Insurance Company, et al. v. Ernst & Young, in the United States District Court, Southern District of New York, Master File No. 94 CIV. 3116 (CLB) (July 7 and 8, 1997).

Deposition of Daniel R. Fischel in Re:  Santa's Best, f/k/a National Rennoc, an Illinois general partnership, and Tinsel/Ruff Group Limited Partnership, an Illinois limited partnership v. Rennoc Limited Partnership, a New Jersey limited parternship, v. Tinsel/Ruff Group Limited Parternship, an Illinois limited partnership, in the Circuit Court of Cook, Illinois County Department - Chancery Division, No. 95 CH 12160, (June 17, 1997).

Arbitration of Daniel R. Fischel in Re:  Lerner v. Goldman Sachs, et. al., Before the American Arbitration Association, 75-136-00090-94 (April 10, 1997).

Affidavit of Daniel R. Fischel in Re:  Hilton Hotels Corporation and HLT Corporation v. ITT Corporation, United States District Court, District of Nevada, CV-S-97-00095-PMP (RLH) (March 24, 1997).

Deposition of Daniel R. Fischel in Re:  Glendale Federal Bank, FSB v. United States of America, Washington, D.C., Case No. 90-772C, (March 19, 1997; January 30 and 31, 1997).

Deposition of Daniel R. Fischel in Re:  Statesman Savings Holding Corporation v. United States of America, Washington, D.C., Case No. 90-773-C, (February 19 and 20, 1997).

Testimony of Daniel R. Fischel in Re:  Westcap Enterprises, Inc. and Westcap Corporation, Debtor; in the United States Bankruptcy Court, for the Southern District of Texas, Houston Division, Houston, Texas; Case No. 96-43191-H2-11, (November 1996).

Testimony of Daniel R. Fischel in Re:  United States of America v. Robert R. Krilich, in the United States District Court, Northern District of Illinois, Eastern Division, No. 94 CR 419, (August 20, 1996 and July 15, 1996)

Deposition of Daniel R. Fischel in Re:  McMahan & Company, Froley, Revy Investment Co., Inc. and Wechsler & Krumholz, Inc. v. Wherehouse Entertainment, Inc., Louis A. Kwiker, George A. Smith, Michael T. O'Kane, Lawrence K. Harris, et al., United States District Court, Southern District of New York, Index No. 88 Civ. 0321 (SS) (AJP), (July 16, 1996 and June 10, 1996).

Deposition of Daniel R. Fischel in Re:  Joseph W. and Helen B. Teague, Steven Allen Barker, Rita Strahowski, Swannee Beck, and Lifetime Partners of PTL, as representatives of a nationwide class consisting of 150,129 Lifetime Partners and of 27,839 persons who have partially paid for Lifetime Partnerships v.  James O. Bakker, in the United States District Court for the Western District of North Carolina, Civil Action No. 3:87CV514, (June 28, 1996).

Deposition of Daniel R. Fischel in Re:  Snapple Beverage Corporation Securities Litigation, in the United States District Court, Eastern District of New York, Master File No. CV 94-3647 (May 30, 1996).

Testimony of Daniel R. Fischel in Re:  Chuck Quackenbush, Insurance Commissioner of the State of California, in his capacity as Trustee of Mission Insurance Company Trust, et al. v. Borg-Warner Corporation, Borg Warner Equities Corporation, Borg-Warner Insurance Service, Inc., et al., for the Superior Court of the State of California, for the County of Los Angeles, No. C688487 (April 18, 1996).

Deposition of Daniel R. Fischel in Re:  Chuck Quackenbush, Insurance commissioner of the State of California, in his capacity as Trustee of Mission Insurance Company Trust, et al. v. Borg-Warner Corporation, Borg Warner Equities Corporation, Borg-Warner Insurance Service, Inc., et al., for the Superior Court of the State of California, for the County of Los Angeles, No. C688487 (April 17, 1996).

Deposition of Daniel R. Fischel in Re:  Household Commercial Financial Services, Inc. a citizen of the states of Delaware and Illinois v. Julius Trump, a citizen of the State of Florida, Edmond Trump, a citizen of the state of Florida, James M. Jacobson, a citizen of the State of New York, and Parker, Chapin, Flattau & Klimpl, a citizen of the states of New York and New Jersey, in the United States District Court, for the Northern District of Illinois Eastern Division, 92 C 5010 (February 1, 1996).

Deposition of Daniel R. Fischel in Re:  JWP, Inc. Securities Litigation, in the United States District Court, Southern District of New York, Master File No. 92 Civ. 5815 (CLB); AUSA Life Insurance Company, et al. v. Ernst & Young, in the United States District Court, Southern District of New York, Master File No. 94 Civ. 3116 (CLB) (November 30, 1995; November 9, 1995; October 18 and 19, 1995; September 28, 1995).

Deposition of Daniel R. Fischel in Re:  City of Houston Municipal Employees Pension System, a Texas association v. PaineWebber Group Inc., et al., in the United States District Court, Eastern District of Missouri, Eastern Division, No. 4:94CV0073CAS (November 15 and 16, 1995).

Testimony of Daniel R. Fischel In Re: American Continental Corporation/Lincoln Savings & Loan Securities Litigation - Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach and Kevin P. Roddy, in the United States District Court , District of Arizona, Civ-93-1087-PHX-JMR (July 25 and 26, 1995).

Deposition of Daniel R. Fischel in Re:  Keith C. Bogard, et al., v. National Community Bank Inc., et al., in the United States District Court, District of New Jersey, No. 90-5-32 (HAA) (December 20, 1994).

Deposition of Daniel R. Fischel in Re:  Harvey Rosen, Ben Rogers and Julie Rogers v. Deloitte & Touche, Elias Zinn, Julius Zinn, Dennis Lamm, and Ronald Begnaud, in the 268th Judicial District Court, of Fort Bend County, Texas, Cause No. 84-482 (November 9, 1994).

Testimony of Daniel R. Fischel in Re:  PPM America, Inc., et al. v. Marriott Corporation et al., in the United States District Court, for the District of Maryland, Civil Docket No. H-92-3068 (October 12, 1994).

Deposition of Daniel R. Fischel in Re:  Browning-Ferris Industries, Inc., Securities Litigation, United States District Court, for the Southern District of Texas, Houston Division, Civil Action H-903477 (September 1, 1994).

Testimony of Daniel R. Fischel in Re:  Computer Associates International Inc. Securities Litigation, United States District Court, Eastern District of New York, CV-90-2398 (JBW) (May 26 and 27, 1994).

Deposition of Daniel R. Fischel in Re:  PPM America, Inc., et al. v. Marriott Corporation et al., United States District, for the District of Maryland, H-92-3068 (May 10, 1994 and March 8, 1994).

Deposition of Daniel R. Fischel in Re:  Securities and Exchange Commission v. Shared Medical Systems Corporation, R. James Macaleer, James C. Kelly and Clyde M. Hyde, United States District Court, for the Eastern District of Pennsylvania, Civil Action - Law: No. 91-CV-6549 (February 22, 1994).

Testimony of Daniel R. Fischel in Re:  Peter M. Schultz and Pamela A. Schultz v. Rhode Island Hospital Trust National Bank, N.A., et al., United States District Court, District of Massachusetts, Civil Action No. 88-2870-T (February 16, 1994).

Deposition of Daniel R. Fischel in Re:  Henry T. Endo, et al. v. John M. Albertine, et al., United States District Court, Northern District of Illinois, Eastern Division, No. 88 C 1815 (November 11 and 12, 1993; October 28, 1993).

Deposition of Daniel R. Fischel in Re:  Computer Associates International Inc. Securities Litigation, United States District Court, Eastern District of New York, CV 90-2398 (JBW) (November 2, 1993 and February 4, 1993).

Affidavit of Daniel R. Fischel in Re:  Peter M. Schultz and Pamela A. Schultz v. Rhode Island Hospital Trust National Bank, N.A. et al., United States District Court, District of Massachusetts, Civil Action No. SS-2870-T (October 28, 1993).

Deposition of Daniel R. Fischel in Re:  Alpheus John Goddard, III, etc. v. Continental Bank N.A., etc., State of Illinois, County of Cook, Circuit Court of Cook County, County Department-Chancery Division, No. 89 CH 1081 (September 10, 1993).

Deposition of Daniel R. Fischel in Re:  Taxable Municipal Bond Section "G" Securities Litigation, United States District Court, Eastern District of Louisiana, MDL No. 863 (September 2, 1993).

Reply Affidavit of Daniel R. Fischel in Re:  Columbia Securities Litigation, United States District Court Southern District of New York, 89 Civ. 6821 (LBS) (August 30, 1993).

Affidavit of Daniel R. Fischel in Re:  Consumers Gas & Oil, Inc. v. Farmland Industries, Inc., et al., United States District Court, for the District of Colorado, Civil Action No. 92-F-1394 (August 26, 1993).

Declaration of Daniel R. Fischel in Re.  Equitec Rollup Litigation, United States District Court for the Northern District of California, Master file No. C90 2064 CAL (July 28, 1993).

Deposition of Daniel R. Fischel in Re:  United Telecommunications, Inc.  Securities Litigation, United States District Court for the District of Kansas, No.  90-2251-0 (July 22, 1993, April 21 and 22, 1993).

Deposition of Daniel R. Fischel in Re:  Consumers Gas & Oil, Inc., a Colorado farm cooperative in liquidation, on behalf of itself and others similarly situated v. Farmland Industries, Inc., a Kansas farm cooperative, et al., United States District Court, District of Colorado, 92-F-1394 (June 18, 1993).

Deposition of Daniel R. Fischel in Re.  Rosalind Wells v.  HBO & Company, United States District Court, Northern District of Georgia, Atlanta Division, 8-87-CV-657A (JTC) (June 10, 1993 and May 24, 1993).

Deposition of Daniel R. Fischel in Re:  Equitec Rollup Litigation, United States District Court, Northern District of California, No. C-90-2064 CAL (June 2 and 3, 1993).

Supplemental Declaration of Daniel R. Fischel in Re:  Oracle Securities Litigation, United States District Court, Northern District of California, Master File No. C 90 0931 VRW (May 20, 1993).

Affidavit of Daniel R. Fischel and Kenneth R. Cone in Re:  Raymond P. Hayden, et al. v. Jeffrey L. Feldman, et al., United States District Court, Southern District of New York No. 88 Civ. 8048 (JES) (May 12, 1993).

Testimony of Daniel R. Fischel in Re:  Melridge, Inc., Securities Litigation, United States District Court for the District of Oregon, CV No. 87-1426-FR (May 4 and 5, 1993).

Declaration of Daniel R. Fischel in Re:  Oracle Securities Litigation, United States District Court, Northern District of California, Master File No. C 90 0931 VRW (April 20, 1993).

Deposition of Daniel R. Fischel in Re:  Gillette Securities Litigation, United States District Court, District of Massachusetts, No. 88-1858-K (April 1, 1993).

Affidavit of Daniel R. Fischel in Re:  Columbia Securities Litigation, United States District Court, Southern District of New York, 89 Civ. 6821 (LBS) (March 25, 1993).

Deposition of Daniel R. Fischel in Re:  Westinghouse Securities Litigation, United States District Court, Western District of Pennsylvania, CV No. 91 354 (March 23, 1993).

Declaration of Daniel R. Fischel in Re:  Oracle Securities Litigation, United States District Court, Northern District of California, Master File No. C 90-0931 VRW (March 22, 1993).

Deposition of Daniel R. Fischel in Re:  Kroy, Inc., a Minnesota corporation et al. v. Bankers Trust New York Corporation, et al., Superior Court of the State of Arizona in and for the County of Maricopa, No. CV 89-35680 (March 18, 1993).

Deposition of Daniel R. Fischel in Re:  Amos M. Ames, Helen M. Ames, Robert F. Bourke, Louise L. Bourke, Leo E. Corr, April C. Corr, Wence M. Horak, Ruth Horak, Robert T. Freas, Maurita Freas, Bruce Fink, Jr., William H. Jones, Candace A. Jones, Richard Paul, William L. Paul, Carole Paul, Steven J. Paul, Best Power Technology, Incorporated, and Best Power Technology Sales Corporation, in the State of Wisconsin, Circuit Court, Juneau County, Consolidated Case Nos. 92-CV-31, 92-CV-32 (January 26, 1993).

Deposition of Daniel R. Fischel in Re:  Federal Express Corporation Shareholder Litigation, in the United States District Court, Western District of Tennessee, Master File No. 90-2359-4B (December 3, 1992).

Deposition of Daniel R. Fischel in Re:  <u>Raymond Snyder, Individually and on behalf of all those similarly situated</u> v. <u>Oneok, Inc., et al.</u>, in the United States District Court, Northern District of Oklahoma, Civil Action No. 88 C 1500 E (October 15 and 16, 1992).

Deposition of Daniel R. Fischel in Re:  <u>Melridge, Inc. Securities Litigation, Consolidated Actions</u>, United States District Court, District of Oregon, Master File No. CV87-1426-JU and Nos. 387-06589-P11, 88-05-JU, 88-221-JU, 88-0699-PA, 88-1266-JU (September 17, 1992; July 25 and 26, 1991).

Deposition of Daniel R. Fischel in Re:  <u>Maxus Corporate Company</u> v. <u>Kidder, Peabody & Co. Incorporated, Martin A. Siegel and Ivan F. Boesky</u>, in the District Court Dallas County, Texas, 298th Judicial District, No. 87-15583-M (September 11, 1992; August 18 and 19, 1992).

Deposition of Daniel R. Fischel in Re:  <u>Jennifer A. Florin and Alan L. Mundt, on behalf of themselves and all others similarly situated</u> v. <u>Wesray Capital Corp., Citizens and Southern Trust Company, a subsidiary of Citizens and Southern Corporation, Robert K. Barton, Leonard S. Gaby, Allen G. Lacoe, Robert A. Magnusson, Anthony A. Saliture, Harlan B. Smith, Thomas F. Stutzman, Raymond G. Chambers, Frank E. Richardson, E. Burke Ross, Jr., William E. Simon and Frank W. Walsh, Jr.</u>, in the United States District Court, Western District of Wisconsin, Civil Action No. 91C-0948 (August 12, 1992).

Deposition of Daniel R. Fischel in Re:  <u>Pearl Newman, Shanna Lehmann & Athanasios Tsivelekidis, on their own behalf and on behalf of all other persons similarly situated</u> v. <u>On-Line Software International, Inc. Jack M. Berdy, John C. Crocker, Richard A. Granger, Richard R. Holtmeier, Michael S. Juceam, Edward J. Siegel, Howard P. Sorgen and Richard Ward</u>, United States District Court, District of New Jersey, Consolidated Civil Action Nos.  88-3247, 88-3411 (July 28 and 29, 1992).

Deposition of Daniel R. Fischel in Re:  <u>Crazy Eddie Securities Litigation, Oppenheimer-Palmieri Fund, I.P., et al.</u> v. <u>Peat Marwick Main & Co., et al.</u>, United States District Court for the Eastern District of New York, 87 Civ. 0033 (EHN), 88 Civ. 3481 (EHN) (June 11, 1992; March 26 and 27, 1992).

Testimony of Daniel R. Fischel in Re:  <u>American Continental Corporation/Lincoln Savings and Loan Securities Litigation</u>, in the United States District Court, for the District of Arizona MDL Docket No. 834 (June 4, 1992; May 26, 27 and 28, 1992).

Testimony of Daniel R. Fischel in Re:  <u>State of West Virginia</u> v. <u>Morgan Stanley & Co. Incorporated</u>, in the Circuit Court of Kanawha County, State of West Virginia, Civil Action No. 89-C-3700 (April 27, 1992).

Affidavit of Daniel R. Fischel in Re:  <u>William Steiner, on behalf of himself and all others similarly situated</u> v. <u>Tektronix, Inc., et al.</u>, in the United States District Court, District Court of Oregon, Civil No. 90-587-JO (March 23, 1992).

Deposition of Daniel R. Fischel in Re:  <u>Martin Kaplan and Selma Kaplan, on Behalf of Themselves and All Others Similarly Situated</u> v. <u>VICORP Restaurants, Inc., Charles R. Frederickson, Robert S. Benson, Emerson B. Kendall, Robert T. Marto and Johyn C. Hoyt</u>, United States District Court, District of Colorado, Civil Action No. 90-C-2182 (February 11, 1992).

Deposition of Daniel R. Fischel in Re:  Interco Incorporated v. Wasserstein, Perella & Co., Inc., United States District Court, Eastern District of Missouri, Eastern Division, No. 91-0151-C-6 (February 3, 1992 and December 12, 1991).

Statement of Daniel R. Fischel in Re:  Far West Federal Bank, S.B., et al. v. Director, Office of Thrift Supervision, et al., United States District Court for the District of Oregon, Civil Action No. 90-103 PA (February 3, 1992).

Deposition of Daniel R. Fischel in Re:  Capital Bank of California v. Morgan Stanley & Co., Incorporated, United States District Court, Central District of California, No. 91-1650-R (January 24, 1992).

Deposition of Daniel R. Fischel in Re:  Trinity Ventures, et al. v. Federal Deposit Insurance Corporation, in its own capacity and as successor to the Federal Savings and Loan Insurance Corporation, United States District Court, for the District of Oregon, No. 90-103-PA (January 6, 1992).

Deposition of Daniel R.  Fischel in Re:  First Republicbank Securities Litigation, United States District Court, Northern District of Texas, Dallas Division, Civil Action No. 3-88-0641-H (January 2, and 3, 1992; November 26, 1991).

Deposition of Daniel R. Fischel in Re:  State of West Virginia v. Morgan Stanley & Co. Incorporated; Salomon Brothers Inc.; and Goldman Sachs & Co., in the Circuit Court of Kanawha County, State of West Virginia, Civil Action No. 89-C-3700 (December 19 and 20, 1991).

Deposition of Daniel R. Fischel in Re:  The Regina Company, Inc. Securities Litigation, United States District Court, District of New Jersey, Civil Action No. 88-4149 (HAA) (October 31, 1991).

Affidavit of Daniel R. Fischel in Re:  Gillette Securities Litigation, United States District Court, District of Massachusetts, Civil Action No. 88-1858-K (October 7 1991).

Deposition of Daniel R. Fischel in Re:  Capital Maritime Corporation v. Amfels, Inc., Far East Levingston Shipbuilding Ltd., John B. Allison and Patrick A. McDermid, United States District Court for the Southern District of Texas Houston Division, C.A. No. H-90-3417 (September 12, 1991).

Deposition of Daniel R. Fischel in Re:  Thomas J. Caldarone, Jr. v. Isidore Brown, et al., and John E. Washburn, et al. v. Isidore Brown, et al., United States District Court, Northern District of Illinois, Eastern Division, Docket Nos. 80 C 6251 and 81 C 1475 (August 28, 29, and 30, 1991).

Testimony of Daniel R. Fischel in Re: Apple Securities Litigation, United States District Court, Northern District of California, Northern Division, Docket No. C-84-20148 (May 20 and 21, 1991).

Testimony of Daniel R. Fischel in Re:  The Stuart-James Co., Inc., et al. Litigation, United States of America before the Securities & Exchange Commission, in Denver, Colorado, Administrative Proceeding File No. 3-7164 (May 6, 1991).

Deposition of Daniel R. Fischel in Re:  Jennie Farber on behalf of herself and all others similarly situated v. Public Service Company of New Mexico; Jerry D. Geist; John P. Bundrant and Albert J. Robison, United States District Court for the District of New Mexico, CIV 89-456 JB WWD (April 17 and 18, 1991).

Affidavit of Daniel R. Fischel in Re:  Moise Katz, Frederick Rand, Elias Weissman, Richard D. Morgan, Marion R. Morgan and Mortimer Schulman v. Raymond A. Hay, United States District Court, Southern District of New York, No. 86 Civ. 5640 (JES) (March 29, 1991).

Deposition of Daniel R. Fischel in Re:  Standard Chartered PLC., a United Kingdom corporation, et al. v. Price Waterhouse, a general partnership, Superior Court of the State of Arizona, in and for the County of Maricopa, CV 88-34414 (March 13 and 14, 1991).

Affidavit of Daniel R. Fischel in Re:  United States of America v. AVX Corporation, and Commonwealth of Massachusetts v. AVX Corporation, United States District Court, District of Massachusetts, Civil Action Nos. 83-3882-Y and 83-3899-Y (January 29, 1991).

Deposition of Daniel R. Fischel in Re:  Apple Computer Securities, United States District Court Northern District of California, San Jose Division, No. C-84-20148 (a) JW (December 13 and 14, 1990).

Deposition of Daniel R. Fischel in Re:  Polycast Technology Corporation, and Uniroyal Plastics Acquisition Corp. v. Uniroyal, Inc., et al., United States District Court Southern District of New York, No. 87 Civ. 3297 (December 6, 1990 and November 28, 1990).

Deposition of Daniel R. Fischel in Re:  Ellen Rudd, on behalf of herself and all others similarly situated, and Mayer Corporation on behalf of themselves, and all others similarly situated, and Louis Brandt, and Israel Baker, Jay R. Kuhne, Pininfarina Corp., and American Transfer Co., on behalf of themselves and all others similarly situated v. Kirk Kerkorian, et al., Superior Court of the State of California, County of Los Angeles, Nos. CA 000980, CA 000981, CA 001017, CA 620279 (June 21, 1990).

Testimony of Daniel R. Fischel in Re:  City of San Jose v. Paine, Webber, Jackson & Curtis, Incorporated, et al., and related counter- and Third-Party Claims, United States District Court, Northern District, No. C-84-20601 RPA (May 23 and 24, 1990).

Deposition of Daniel R. Fischel in Re:  City of San Jose v. Paine, Webber, Jackson & Curtis, Incorporated, et al., and related counter- and Third-Party Claims, United States District Court, Northern District, No. C-84-20601 RPA (May 22, 1990), No. RPA 84-20601 (November 16, 1989 and September 8, 1989).

Testimony of Daniel R. Fischel in Re:  Kulicke and Soffa Industries, Inc. Securities Litigation, United States District Court for the Eastern District of Pennsylvania, No. 86-1656 (March 20 and 21, 1990).

Deposition of Daniel R. Fischel in Re:  Kulicke and Soffa Industries, Inc. Securities Litigation, United States District Court for the Eastern District of Pennsylvania, No. 86-1656 (March 9, 1990; December 19 and 21, 1989).

Affidavit of Daniel R. Fischel in Re:  Viacom International Inc. v. Carl C. Icahn, et al., v. Ralph M. Baruch, et al., United States District Court, Southern District of New York, No. 86 Civ. 4215 (RPP) (March 8, 1990).

Deposition of Daniel R. Fischel in Re:  Technical Equities Coordination Litigation, Superior Court of the State of California for the County of Santa Clara, Master File No. 1991, Santa Clara County Superior No. 600306 (March 1, 1990).

Deposition of Daniel R. Fischel in Re:  Amalgamated Clothing and Textile Workers Union, AFL-CIO, et al. v. David A. Murdock, et al., United States District court for the Central District of California, No. CV-86-6410 IH (February 8, 1990).

Deposition of Daniel R. Fischel in Re:  Connecticut National Life Insurance Company, et al. v. Peter A.. Sprecher and Laventhol & Horwath, United States District Court, Central District of California, No. CV 87-1945 WJR (Tx) (January 30, 1990).

Deposition of Daniel R. Fischel in Re:  Consolidated Capital Securities Litigation, United States District Court, Northern District of California, No. C-85-7332 AJZ (January 22, 1990).

Declaration of Daniel R. Fischel in Re Plaintiffs' Damages in Re:  Liquidity Fund, et al. v. Southmark Corporation, et al. in the Superior Court of the State of California for the County of San Mateo, No. 332435 (January 18, 1990).

Deposition of Daniel R. Fischel in Re:  Norman Kamerman, Shirley Brown, Edward Rosen, Lexim Investors Corp., and Dohsa Anstalt, on behalf of themselves and all others similarly situated, and Barnett Stepak v. Saul Steinberg, Reliance Group Holdings, Inc., Reliance Group, Inc., Reliance Financial Services corp., and Reliance Insurance Company, United States District Court, Southern District of New York, No. 84 Civ. 4440 (September 13, 1989).

Affidavit of Daniel R. Fischel in Re:  Edward A. Taylor, et al. v.  A. O. Smith Corporation et al., Circuit Court for Lincoln County, Tennessee, No. 098-84 (August 11, 1989).

Deposition of Daniel R. Fischel in Re:  Container Products Inc. v. Pace Industries, United States District Court, Southern District of New York, No. 88-CIV. 3549 (KMW) (July 19, 1989).

Deposition of Daniel R. Fischel in Re:  Joseph B. Moorman, et al. v. Southmark Corporation, et al., Liquidity Fund, et al. v. Southmark Corporation, et al., Superior Court of the State of California for the County of San Mateo, Nos. 322135 and 332435 (July 11, 1989).

Testimony of Daniel R. Fischel in Re:  Tessie Wolfson, et al. v. Frederick S. Hammer, and Meritor Financial Group, United States District Court for the Eastern District of Pennsylvania, Civil Action No. 87-8471 (June 20, 1989).

Deposition of Daniel R. Fischel in Re:  Richard J. Heckmann, et al. v. C. L. Ahmanson, et al., and Consolidated Cases, Superior Court of the State of California for the County of Los Angeles, Nos. CA000851 and C642081 (June 8, 1989).

Deposition of Daniel R. Fischel in Re:  Tessie Wolfson, et al. v. Frederick S. Hammer, United States District Court for the Eastern District of Pennsylvania, Civil Action No. 87-8472 (May 11, 1989).

Testimony of Daniel R. Fischel in Re:  Tessie Wolfson, et al. v. Frederick S. Hammer, United States District Court for the Eastern District of Pennsylvania, Civil Action No. 87-8472 (April 13, 1989).

Deposition of Daniel R. Fischel in Re:  National Union Fire Insurance Company of Pittsburgh, PA v. Wells Fargo Bank, N.A., District Court of Harris County, Texas, 125th Judicial District, No. 88-49246 (April 10 and 11, 1989).

Deposition of Daniel R. Fischel in Re:  Susan Rothenberg, as Custodian for Stephen J. Rothenberg v. Charles E. Hurwitz, United Financial Corporation, United Savings Association of Texas, et al., United States District Court for the Southern District of Texas, Houston Division, Civil Action No. H-86-1435 (March 30, 1989).

Deposition of Daniel R. Fischel in Re:  Jose Nodar, et al. v. William Weksel, Albert Bromberg, Henry B. Turner, IV, Frank L. Bryant, Leo Kuperschmid, Bennett S. Lebow, Ernst & Whinney and Oppenheimer & Co., Inc., United States District Court, Southern District of New York, No. 84 Civ. 3870 (VLB) and consolidation case No. 84 Civ. 5132 (VLB) (December 15 and 16, 1988).

Deposition of Daniel R. Fischel in Re:  William Steiner, et al. v. Whittaker Corporation, et al., Superior Court of the State of California for the County of Los Angeles, No. CA000817 (December 7, 1988).

Deposition of Daniel R. Fischel in Re:  Arnold I. Laven, et al. v. Western Union Corporation, et al., United States District Court for the District, Western District of Washington, MDL No. 551 (August 30 and 31, 1988).

Deposition of Daniel R. Fischel in Re:  Washington Public Power Supply System Securities Litigation, United States District Court, Western District of Washington, MDL No. 551 (August 16 and 22, 1988).

Affidavit of Daniel R. Fischel in Re:  District Business Conduct Committee for District No. 3 v. Blinder, Robinson & Company Inc., et al., National Association of Securities Dealers, Inc. National Business Conduct Committee, Complaint No. DEN-666 (July 21, 1988).

Deposition of Daniel R. Fischel in Re:  Joseph Seidman, et al. v. Stauffer Chemical Company, et al, United States District Court for the District of Connecticut, No. B 84-543 (TFGD) (June 10, 1988 and May 5, 1987).

Deposition of Daniel R. Fischel in Re:  Edlin Cattle Co., Inc., and James Edlin v. A. O. Smith Harvestore Products, Inc., et al., United States District Court for the Northern District of Texas, Amarillo Division, No. CA-2-86-0122 (May 12, 1988).

Deposition of Daniel R. Fischel in Re:  MicroPro Securities Litigation, United States District Court for the Northern District of California, No. C-85-7428-EFL (A) (May 2, 1988).

Affidavit of Daniel R. Fischel in Re:  Pizza Time Theatre Securities Litigation, United States District Court for the Northern District of California, Civil File No. 84-20048-(A)-RPA (March 25, 1988).

Affidavit of Daniel R. Fischel and Robert A. Sherwin in Re:  First National Bank of Louisville v. Brooks Farms, and George C. Brooks, et al., Third-Party Plaintiffs v. A. O. Smith Corporation, et al., Circuit Court for Maury County, Tennessee, No. 2058 (March 3, 1988).

Testimony of Daniel R. Fischel in Re:  Nucorp Energy Securities Litigation, United States District
　　　Court for the Southern District of California, M.D.L. 514 (March 15, 16, 17, and 18, 1988).

Deposition of Daniel R. Fischel in Re:  Nucorp Energy Securities Litigation, United States
　　　District Court for the Southern District of California, M.D.L. 514 (January 27, 1988).

Deposition of Daniel R Fischel in Re:  Anheuser-Busch Companies, Inc. v. W. Paul Thayer, et
　　　al., United States District Court for the Northern District of Texas, Dallas Division, No. CA-
　　　3-85-0794-R (January 21, 1988; December 4, 1987; and November 5, 1987).

Testimony of Daniel R. Fischel in Re:  Securities and Exchange Commission v. First City
　　　Finance Corporation Ltd., and Marc Belzberg, United States District Court for the District of
　　　Columbia, Civil Action No. 86-2240 (December 18, 1987).

Testimony of Daniel R. Fischel in Re. The Irvine Company v. Athalie Irvine Smith and Athalie R.
　　　Clarke, Trustee, State of Michigan Circuit Court for the county of Oakland, Civil Action No.
　　　8327011-CZ (December 14, 15, and 16, 1987).

Deposition of Daniel R. Fischel in Re:  Securities and Exchange Commission v. First City
　　　Finance Corporation, Ltd. and Marc Belzberg, United States District Court for the District of
　　　Columbia, Civil Action No. 86-2240 (December 11, 1987).

Affidavit of Daniel R. Fischel in Re:  Gerald D. Broder and Constance D. Broder v. Alphonse H.
　　　Bellac and William B. Weinberger v. Combustion Equipment Associates, Inc., et al., and
　　　William B. Weinberger v. Coopers & Lybrand, United States District Court for the Southern
　　　District of New York, 80 CIV 6175 (CES) 80 CIV 6839 (CES) 84 CIV 8217 (CES) (July 22,
　　　1987).

Deposition of Daniel R. Fischel in Re:  The Irvine Company v. Athalie Irvine Smith and Athalie R.
　　　Clarke, Trustee, State of Michigan, Circuit Court for the County of Oakland, Civil Action No.
　　　83270011-CZ (June 1, 1987).

Deposition of Daniel R. Fischel in Re:  Fortune Systems Securities Litigation, United States
　　　District for the Northern District of California, Master File No. 83-3348A-WHO (May 7,
　　　1987).

Deposition of Daniel R. Fischel in Re:  Victor Technologies Securities Litigation, United States
　　　District Court for the Northern District of California, Master File No. C-83-3906(A)-RFP
　　　(FW) (January 8, 1987 and October 30, 1986).

Reply Declaration of Daniel R. Fischel in Support of the Motion by the Activision Defendants for
　　　Summary Judgment in Re:  Activision Securities Litigation, United States District Court for
　　　the Northern District of California, Master File No. C-83-4639(A)-MHP (October 27, 1986).

Testimony of Daniel R. Fischel in Re:  NVHomes, L.P. v. Ryan Homes, Inc.; and Ryan Homes,
　　　Inc. v. NVHomes, L.P., et al., United States District Court for the Western District of
　　　Pennsylvania, Civil Action No. 86-2139 (October 24, 1986).

Supplemental Affidavit of Daniel R. Fischel in Re:  NVHomes, L.P. v. Ryan Homes, Inc.; and
　　　Ryan Homes, Inc. v.  NVHomes, L.P. and NVAcquisition L.P., et al., United States District
　　　Court the Western District of Pennsylvania, Civil Action No. 86-2139 (October 24, 1986).

Affidavit of Daniel R. Fischel in Support of the Motion by the Activision Defendants for Summary Judgment in Re:  Activision Securities Litigation, United States District Court for the Northern District of California, Master File No. C-86-2139 (October 20, 1986).

Declaration of Daniel R. Fischel in Support of the Motion by the Activision Defendants for Summary Judgment in Re:  Activision Securities Litigation, United States District Court for the Northern District of California, Master File No. C-83-4639(A)-MHP (October 2, 1986).

Affidavit in Support of Defendants Motion for Summary Judgment in Re:  MCorp Securities Litigation, United States Court for the Southern District of Texas, Civil Action No. H-85-5894 (September 25, 1986).

Deposition of Daniel R. Fischel in Re:  Activision Securities Litigation, United States District Court for the Northern District of California, No. C 83 4639 (August 18 and 19, 1986).

Deposition of Daniel R. Fischel in Re:  John Mancino v. James A. McMaghan, et al., United States District Court for the Northern District of California, Civil No. C-84-0407-TEH (August 14, 1986).

Testimony of Daniel R. Fischel in Re:  Charles W. Leigh, et al. and George Johnson, et al. v. Clyde William Engle, et al., United States District Court for the Northern District of Illinois, Eastern Division, Case No. 78 C 3799 (August 1, 1986).

Reply Affidavit of Daniel R. Fischel in Re:  The Amalgamated Sugar Company v. NL Industries, United States District Court for the Southern District of New York, 86 Civ. 5010 (VLB) (July 28, 1986).

Affidavit of Daniel R. Fischel in Re:  The Amalgamated Sugar Company v. NL Industries, United States District Court for the Southern District of New York, 86 Civ. 5010 (VLB) (July 18, 1986).

Deposition of Daniel R. Fischel in Re:  Charles W. Leigh, et al. and George Johnson, et al. v. Clyde William Engle, et al., United States District Court for the Northern District of Illinois, Eastern Division, Case No. 78 C 3799 (July 1, 1986).

Deposition of Daniel R. Fischel in Re:  Seafirst Corporation v. William M. Jenkins, et al.; and Seafirst Corporation v. John R. Boyd, et al., United States District Court for the Western District of Washington at Seattle, Case No. C83-771R (February 27, 1986).

Deposition of Daniel R. Fischel in Re:  Kreindler v. Sambo's Restaurants, Inc., United States District Court for the Southern District of New York, Case No. 79 Civ. 4538 (December 17, 1985).

Affidavit of Daniel R. Fischel in Re:  United States of America v. S. Richmond Dole and Clark J. Matthews II (March 19, 1985).

Deposition of Daniel R. Fischel in Re:  Craig T. McFarland, et al. v. Memorex Corporation, United States District Court for the Northern District of California, No. C 79-2926-WAI, C 79-2007-WAI, C 79-241-WAI (February 26, 1985; January 29 and 30, 1985).

Testimony of Daniel R. Fischel in Re:  <u>Robert J. Lawrence</u> v. <u>Grumman Corp. Pension Plan, et al.</u>, United States District Court for the Eastern District of New York, No. CV-81-3530 (December 19, 1983).

Testimony of Daniel R. Fishel in Re:  <u>Telvest, Inc.</u> v. <u>Junie L. Bradshaw, et al. and American Furniture Company</u>, United States District Court, for the Eastern District of Virginia Richmond Division, No. CA-79-0722-R (December 4, 1981).

## OTHER ACTIVITIES

Member, American Economic Association, American Finance Association.

Member of the Board of Overseers of the Becker-Friedman Institute at the University of Chicago.

Advisor to the Harvard Program on Corporate Governance at Harvard University.

Former Member, Board of Directors, Center for the Study of the Economy and the State.

Former member, Mid-America Institute Task Force on Stock Market Collapse.

Have acted as a consultant and/or advisor to the New York Stock Exchange, the National Association of Securities Dealers, the Chicago Board of Trade, the Federal Trade Commission, the Department of Labor, the Securities and Exchange Commission, the Canadian Securities and Exchange Commission, the United States Department of Justice, the Federal Deposit Insurance Corporation, and the Office of Thrift Supervision.

Referee, Journal of Financial Economics, Journal of Law and Economics, Journal of Legal Studies.

Participant and speaker at multiple conferences on the Economics of Corporate, Securities and Commodities Law and the Regulation of Financial Markets.

Former Chairman, American Association of Law Schools' Section on Law and Economics.

# EXHIBIT 2

Exhibit 2

## Documents Relied On

### Public Data

CRSP price, volume and return data for Dell, Nvidia and Sun Microsystems

Wharton Research Data Services intra-day trading data

Price-data.com intra-day trading data

### SAC Data

SAC2012_07601980.xlsx

SAC2012_07601974.xlsx

NMV Delta for MS book.xlsx

SAC-USAO0000002.xlsx

STEN_traderun_01012008_12312010.csv

STEO_traderun_01012008_12312010.csv

SAC2012_00000003A.xlsx

SAC2012_00000005A.xlsx

SAC2012_00000006A.xlsx

SAC2012_05259893.xlsx

### Documents

Earnings releases for Dell, Nvidia and Sun Microsystems

"Dell shares get a lift following analyst upgrade," MarketWatch, August 24, 2009

D. Jones, "Dell's earnings web leak offers 3 lessons for all IROs," September 1, 2009, Irwebreport.com, accessed at http://irwebreport.com/20090901/dell-earnings-disclosure-mistake

"Dell Improves Business Performance Through Continued Execution of Strategic Agenda; * Revenue and Earnings Improve Sequentially * Cash Flow from Operations Exceeds $1 Billion; Operating Expenses Down 14 Percent * Operating Income 5.2 Percent of Revenue," Business Wire, August 27, 2009 03:57 PM

"WSJ: Dell 2Q Profit Down 23%; Revenue Provides Some Hope," Dow Jones News Service, August 27, 2009 06:56 PM

"Dell's Profits Dive, Stock Climbs," Bloomberg Businessweek: Technology, August 27, 2009

A.C. MacKinlay, "Event Studies in Economics and Finance," XXXV *Journal of Economic Literature* (March 1997) pp. 13-39

D. Fischel, "Use of Modern Finance Theory in Securities Fraud Cases Involving Actively Traded Securities," 38 Bus. Law 1 (1982)

L. Bamber, O. Barron, and D. Stevens, "Trading Volume Around Earnings Announcements and Other Financial Reports:  Theory, Research Design, Empirical Evidence, and Directions for Future Research, *Contemporary Accounting Research* Vol. 28 No. 2 (Summer 2011) pp. 431 – 471

"Why Returns around Earnings Announcement Days are More Informative than Other Days," Kenan-Flagler Business School, University of North Carolina Working Paper

# EXHIBITS 3a – 15c

Exhibit 9a



**Value of Michael Steinberg's Total Portfolio Compared With His Buying Power**
**January 1, 2007 - December 31, 2009**

Notes: Value shown is stock equivalent gross market value (SEGMV), which is calculated by SAC Capital. On Key Dates, SEGMV is adjusted to exclude the effect of stock trading in relevant issuer after an earnings announcement, if applicable.

Sources: SAC2012_07601980, SAC-USAO0000002.xlsx, STEN_traderun_01012008_12312010.csv and STEO_traderun_01012008_12312010.csv.



### Value of Michael Steinberg's Total Portfolio Compared With His Buying Power
### January 1, 2007 - December 31, 2009

Notes: Vertical lines reference Key Dates. Value shown is stock equivalent gross market value (SEGMV), which is calculated by SAC Capital. On Key Dates, SEGMV is adjusted to exclude the effect of stock trading in relevant issuer after an earnings announcement, if applicable.

Sources: SAC2012_07601980, SAC-USAO0000002.xlsx, STEN_traderun_01012008_12312010.csv and STEO_traderun_01012008_12312010.csv.





Exhibit 394a

## Value of Michael Steinberg's Total Portfolio Compared With His Buying Power on Key Dates for Dell

Notes: Value shown is stock equivalent gross market value (SEGMV), which is calculated by SAC Capital. On Key Dates, SEGMV is adjusted to exclude the effect of stock trading in relevant issuer after an earnings announcement, if applicable.
Sources: SAC2012_07601980, STEN_traderun_01012008_12312010.csv and STEO_traderun_01012008_12312010.csv.

**Value of Michael Steinberg's Total Portfolio
Compared With His Buying Power on Key Dates for Nvidia**

Notes: Value shown is stock equivalent gross market value (SEGMV), which is calculated by SAC Capital. On Key Dates, SEGMV is adjusted to exclude the effect of stock/swap trading in relevant issuer after an earnings announcement, if applicable.
Sources: SAC2012_07601980, STEN_traderun_01012008_12312010.csv and STEO_traderun_01012008_12312010.csv.

Exhibit 94c

# Value of Michael Steinberg's Total Portfolio
## Compared With His Buying Power on Key Dates for Sun Microsystems



Notes: Value shown is stock equivalent gross market value (SEGMV), which is calculated by SAC Capital. On Key Dates, SEGMV is adjusted to exclude the effect of stock trading in relevant issuer after an earnings announcement, if applicable. SEGMV for Sun Microsystems is adjusted on November 5, 2007 to account for a 500,000 share sale that occurred on November 5, 2007 but was not accounted for in the end of day position.
Sources: SAC2012_07601980, SAC-USAO0000002.xlsx, STEN_traderun_01012008_12312010.csv and STEO_traderun_01012008_12312010.csv.

## Value of Michael Steinberg's Total Portfolio and ETFs
### January 1, 2007 - December 31, 2009



Notes: Value shown is stock equivalent gross market value (SEGMV), which is calculated by SAC Capital. On Key Dates, SEGMV is adjusted to exclude the effect of stock trading in relevant issuer after an earnings announcement, if applicable.
Sources: SAC2012_07601980, SAC2012_07601974, SAC2012_05259893.xlsx, SAC-USAO0000002.xlsx, STEN_traderun_01012008_12312010.csv and STEO_traderun_01012008_12312010.csv.

Exhibit 39a



**Value of Michael Steinberg's Positions in Dell
Compared With the Value of His Total Portfolio and ETFs on Key Dates for Dell**

Notes: Value shown is stock equivalent gross market value (SEGMV), which is calculated by SAC Capital. On Key Dates, SEGMV is adjusted to exclude the effect of stock trading in relevant issuer after an earnings announcement, if applicable.
Sources: SAC2012_07601980, SAC2012_07601974, SAC2012_05259893.xlsx, STEN_traderun_01012008_12312010.csv and STEO_traderun_01012008_12312010.csv.



Notes: Value shown is stock equivalent gross market value (SEGMV), which is calculated by SAC Capital. On Key Dates, SEGMV is adjusted to exclude the effect of stock/swap trading in relevant issuer after an earnings announcement, if applicable.
Sources: SAC2012_07601980, SAC2012_07601974, SAC2012_05259893.xlsx, STEN_traderun_01012008_12312010.csv and STEO_traderun_01012008_12312010.csv.

Exhibit 39c



**Value of Michael Steinberg's Positions in Sun Microsystems Compared With the Value of His Total Portfolio and ETFs on Key Dates for Sun Microsystems**

Notes: Value shown is stock equivalent gross market value (SEGMV), which is calculated by SAC Capital. On Key Dates, SEGMV is adjusted to exclude the effect of stock trading in relevant issuer after an earnings announcement, if applicable. SEGMV for Sun Microsystems is adjusted on November 5, 2007 to account for a 500,000 share sale that occurred on November 5, 2007 but was not accounted for in the end of day position.
Sources: SAC2012_07601980, SAC2012_07601974, SAC2012_05259893.xlsx, SAC-USAO0000002.xlsx, STEN_traderun_01012008_12312010.csv and STEO_traderun_01012008_12312010.csv.



Notes: Vertical lines reference Key Dates. Value shown is stock equivalent gross market value (SEGMV), which is calculated by SAC Capital. On Key Dates, SEGMV is adjusted to exclude the effect of stock trading in relevant issuer after an earnings announcement, if applicable.
Sources: SAC2012_07601980, STEN_traderun_01012008_12312010.csv and STEO_traderun_01012008_12312010.csv.



**Value of Michael Steinberg's Positions in Dell
Compared With His Position Limit on Key Dates for Dell**

Notes: Value shown is stock equivalent gross market value (SEGMV), which is calculated by SAC Capital. On Key Dates, SEGMV is adjusted to exclude the effect of stock trading in relevant issuer after an earnings announcement, if applicable.
Sources: SAC2012_07601980, STEN_traderun_01012008_12312010.csv and STEO_traderun_01012008_12312010.csv.

Exhibit 9c



**Value of Michael Steinberg's Positions in Nvidia Compared With His Position Limit**
**January 1, 2007 - December 31, 2009**

Notes: Vertical lines reference Key Dates. Value shown is stock equivalent gross market value (SEGMV), which is calculated by SAC Capital. On Key Dates, SEGMV is adjusted to exclude the effect of stock/swap trading in relevant issuer after an earnings announcement, if applicable.
Sources: SAC2012_07601980, STEN_traderun_01012008_12312010.csv and STEO_traderun_01012008_12312010.csv.





Exhibit 7d

## Value of Michael Steinberg's Positions in Nvidia Compared With His Position Limit on Key Dates for Nvidia

Notes: Value shown is stock equivalent gross market value (SEGMV), which is calculated by SAC Capital. On Key Dates, SEGMV is adjusted to exclude the effect of stock/swap trading in relevant issuer after an earnings announcement, if applicable.
Sources: SAC2012_07601980, STEN_traderun_01012008_12312010.csv and STEO_traderun_01012008_12312010.csv.

**Value of Michael Steinberg's Positions in Sun Microsystems Compared With His Position Limit**
**January 1, 2007 - December 31, 2009**

Notes: Vertical lines reference Key Dates. Value shown is stock equivalent gross market value (SEGMV), which is calculated by SAC Capital. On Key Dates, SEGMV is adjusted to exclude the effect of stock trading in relevant issuer after an earnings announcement, if applicable. SEGMV for Sun Microsystems is adjusted on November 5, 2007 to account for a 500,000 share sale that occurred on November 5, 2007 but was not accounted for in the end of day position.
Sources: SAC2012_07601980, SAC-USAO0000002.xlsx, STEN_traderun_01012008_12312010.csv and STEO_traderun_01012008_12312010.csv.



## Value of Michael Steinberg's Positions in Sun Microsystems
## Compared With His Position Limit on Key Dates for Sun Microsystems

Notes: Value shown is stock equivalent gross market value (SEGMV), which is calculated by SAC Capital. On Key Dates, SEGMV is adjusted to exclude the effect of stock trading in relevant issuer after an earnings announcement, if applicable. SEGMV for Sun Microsystems is adjusted on November 5, 2007 to account for a 500,000 share sale that occurred on November 5, 2007 but was not accounted for in the end of day position.
Sources: SAC2012_07601980, SAC-USAO0000002.xlsx, STEN_traderun_01012008_12312010.csv and STEO_traderun_01012008_12312010.csv.

Exhibit 8a

# Value of Michael Steinberg's Positions on Key Dates for Dell Compared With the Value of His Other Positions

| Date | Company | Stock Equivalent Gross Market Value | Number of Issuer-Days With Larger Positions | Number of Issuers With a Larger Position On Any Day |
|---|---|---|---|---|
| 05/29/08 | Dell | $440,250 | 20,082 | 307 |
| 08/18/08 | Dell | $4,122,274 | 4,554 | 109 |
| 08/28/08 | Dell | $5,775,805 | 2,694 | 78 |
| 11/20/08 | Dell | $4,594,722 | 3,886 | 96 |
| 02/26/09 | Dell | $8,214,918 | 1,240 | 51 |
| 08/27/09 | Dell | $5,098,458 | 3,297 | 82 |

Notes: Value shown is stock equivalent gross market value (SEGMV), which is calculated by SAC Capital. On Key Dates, SEGMV is adjusted to exclude the effect of stock trading in relevant issuer after an earnings announcement, if applicable. Number of issuer-days and number of issuers shown exclude Dell, Nvidia and Sun Microsystems.

Sources: SAC2012_07601980, STEN_traderun_01012008_12312010.csv and STEO_traderun_01012008_12312010.csv.

Exhibit 8b

## Value of Michael Steinberg's Positions on Key Dates for Nvidia Compared With the Value of His Other Positions

| Date | Company | Stock Equivalent Gross Market Value | Number of Issuer-Days With Larger Positions | Number of Issuers With a Larger Position On Any Day |
|------|---------|-------------------------------------|---------------------------------------------|------------------------------------------------------|
| 05/05/09 | Nvidia | $1,087,077 | 14,570 | 241 |
| 05/07/09 | Nvidia | $1,806,919 | 10,681 | 185 |
| 08/06/09 | Nvidia | $3,283,384 | 6,133 | 130 |

Notes: Value shown is stock equivalent gross market value (SEGMV), which is calculated by SAC Capital. On Key Dates, SEGMV is adjusted to exclude the effect of stock/swap trading in relevant issuer after an earnings announcement, if applicable. Number of issuer-days and number of issuers shown exclude Dell, Nvidia and Sun Microsystems.

Sources: SAC2012_07601980, STEN_traderun_01012008_12312010.csv and STEO_traderun_01012008_12312010.csv.

Exhibit 8c

## Value of Michael Steinberg's Positions on Key Dates for Sun Microsystems Compared With the Value of His Other Positions

| Date | Company | Stock Equivalent Gross Market Value | Number of Issuer-Days With Larger Positions | Number of Issuers With a Larger Position On Any Day |
|------|---------|-------------------------------------|---------------------------------------------|---------------------------------------------------|
| 11/05/07 | Sun Microsystems | $9,707,097 | 849 | 41 |
| 05/01/08 | Sun Microsystems | $7,408,611 | 1,585 | 57 |

Notes: Value shown is stock equivalent gross market value (SEGMV), which is calculated by SAC Capital. On Key Dates, SEGMV is adjusted to exclude the effect of stock trading in relevant issuer after an earnings announcement, if applicable. Number of issuer-days and number of issuers shown exclude Dell, Nvidia and Sun Microsystems. SEGMV for Sun Microsystems is adjusted on November 5, 2007 to account for a 500,000 share sale that occurred on November 5, 2007 but was not accounted for in the end of day position.

Sources: SAC2012_07601980, SAC-USAO0000002.xlsx, STEN_traderun_01012008_12312010.csv and STEO_traderun_01012008_12312010.csv.

Exhibit 9a



# Value of Michael Steinberg's Trading in Dell Securities
## May 13, 2008 - May 29, 2008

5/29/08
Dell reports quarterly earnings at 4:01 PM

Stock price reaction on 5/30/08: +5.73%

On 5/29/08 before 4:01 PM, Michael Steinberg:
-sold $20 call options on 100,000 shares with a delta-adjusted value of $1,675,318
-wrote $23 call options on 100,000 shares with a delta-adjusted value of $644,065

Value of Long / (Short) Dell Trades

Date

Note: Date range shown is a period in which the Steinberg Portfolio went from no position through the date of the earnings announcement. Option values are delta-adjusted based on SAC reported values to equal (market value of trade)*(NMVDelta/NMV) where market value of trade is (TradePrice)*(Quantity)*100. If (NMVDelta/NMV) is not observed for an option position on the date of a trade, the value from the prior day is used. Any trading after the earnings announcement is not shown.
Source: SAC2012_00000003A, NMV Delta for MS book

Exhibit 9b

# Value of Michael Steinberg's Trading in Dell Securities
## August 18, 2008 - August 28, 2008



Note:  Date range shown is a period in which the Steinberg Portfolio went from no position through the date of the earnings announcement. Option values are delta-adjusted based on SAC reported values to equal (market value of trade)*(NMVDelta/NMV) where market value of trade is (TradePrice)*(Quantity)*100. If (NMVDelta/NMV) is not observed for an option position on the date of a trade, the value from the prior day is used. Any trading after the earnings announcement is not shown.
Source: SAC2012_00000003A, NMV Delta for MS book

Exhibit 9c



# Value of Michael Steinberg's Trading in Dell Securities
## November 14, 2008 - November 20, 2008

Between 11/14/08 and 11/20/08 at 4:01 PM, Michael Steinberg:
 -purchased 857,066 shares with a market value of $8,738,227
 -purchased $10 call options on 300,000 shares with a delta-adjusted value of $1,850,989
 -purchased $11 call options on 250,000 shares with a delta-adjusted value of $1,423,887
 -purchased $12 call options on 100,000 shares with a delta-adjusted value of $418,732

Between 11/14/08 and 11/20/08 at 4:01 PM, Michael Steinberg:
 -sold 431,814 shares with a market value of $4,465,061
 -sold $11 call options on 250,000 shares with a delta-adjusted value of $852,715
 -sold $12 call options on 100,000 shares with a delta-adjusted value of $203,668

11/20/08
Dell reports quarterly earnings at 4:01 PM

Stock price reaction on 11/21/08: -5.2%

Note:  Date range shown is a period in which the Steinberg Portfolio went from no position through the date of the earnings announcement. Option values are delta-adjusted based on SAC reported values to equal (market value of trade)*(NMVDelta/NMV) where market value of trade is (TradePrice)*(Quantity)*100. If (NMVDelta/NMV) is not observed for an option position on the date of a trade, the value from the prior day is used. Any trading after the earnings announcement is not shown.
Source: SAC2012_00000003A, NMV Delta for MS book

Exhibit 9d



# Value of Michael Steinberg's Trading in Dell Securities
## February 18, 2009 - February 26, 2009

2/26/09
Dell reports quarterly earnings
at 4:01 PM

Stock price reaction on
2/27/09: +3.9%

Between 2/18/09 and 2/26/09 at 4:01 PM, Michael Steinberg:
-sold 150,000 shares with a market value of $1,235,281

Value of Long / (Short) Dell Trades

Date

Note:  Date range shown is a period in which the Steinberg Portfolio went from no position through the date of the earnings announcement. Option values are delta-adjusted based on SAC reported values to equal (market value of trade)*(NMVDelta/NMV) where market value of trade is (TradePrice)*(Quantity)*100. If (NMVDelta/NMV) is not observed for an option position on the date of a trade, the value from the prior day is used. Any trading after the earnings announcement is not shown.
Source: SAC2012_00000003A, NMV Delta for MS book

Exhibit 9e



# Value of Michael Steinberg's Trading in Dell Securities
## August 19, 2009 - August 27, 2009

8/27/09
Dell reports quarterly earnings at 3:57 PM. Dell quarterly earnings had been leaked at 3:36 PM (or earlier).

Stock price reaction from 3:36 PM on 8/27/09 to close on 8/28/09: +9.03%
Stock price reaction from 3:57 PM on 8/27/09 to close on 8/28/09: +4.05%

Between 8/19/09 and 8/27/09 at 3:57 PM, Michael Steinberg:
-sold 45,000 shares with a market value of $665,984
-wrote $15 call options on 125,000 shares with a delta-adjusted value of $681,285

Note: Date range shown is a period in which the Steinberg Portfolio went from no position through the date of the earnings announcement. Option values are delta-adjusted based on SAC reported values to equal (market value of trade)*(NMVDelta/NMV) where market value of trade is (TradePrice)*(Quantity)*100. If (NMVDelta/NMV) is not observed for an option position on the date of a trade, the value from the prior day is used. Shares purchased on 8/27/09 includes 156,000 shares purchased between 3:36 PM and 3:57 PM. Any trading after the earnings announcement is not shown.
Source: SAC2012_00000003A, NMV Delta for MS book

Exhibit 9f



## Value of Michael Steinberg's Trading in Nvidia Securities
## May 5, 2009 - May 7, 2009

Between 5/5/09 and 5/7/09 at 4:20 PM, Michael Steinberg:
- purchased 35,000 shares with a market value of $385,530
- wrote $10 put options on 125,000 shares with a delta-adjusted value of $197,701
- bought $11 call options on 125,000 shares with a delta-adjusted value of $714,727
- bought $12.50 call options on 125,000 shares with a delta-adjusted value of $552,428

5/7/09
Nvidia reports quarterly earnings at 4:20 PM

Stock price reaction on 5/8/09: -13.79%

Value of Long / (Short) Nvidia Trades

Date

5/5/09          5/6/09          5/7/09

Note:  Date range shown is a period in which the Steinberg Portfolio went from no position through the date of the earnings announcement. Option values are delta-adjusted based on SAC reported values to equal (market value of trade)*(NMVDelta/NMV) where market value of trade is (TradePrice)*(Quantity)*100. If (NMVDelta/NMV) is not observed for an option position on the date of a trade, the value from the prior day is used. Any trading after the earnings announcement is not shown.
Source: SAC2012_00000006A, NMV Delta for MS book

Exhibit 9g

# Value of Michael Steinberg's Trading in Nvidia Securities
## August 5, 2009 - August 6, 2009



Note:  Date range shown is a period in which the Steinberg Portfolio went from no position through the date of the earnings announcement. Option values are delta-adjusted based on SAC reported values to equal (market value of trade)*(NMVDelta/NMV) where market value of trade is (TradePrice)*(Quantity)*100. If (NMVDelta/NMV) is not observed for an option position on the date of a trade, the value from the prior day is used. Any trading after the earnings announcement is not shown.
Source: SAC2012_00000006A, NMV Delta for MS book

Exhibit 9h



# Value of Michael Steinberg's Trading in Sun Microsystems Securities
## October 3, 2007 - November 5, 2007

Between 10/3/07 and 11/5/07 at 4:01 PM, Michael Steinberg:
-purchased 3,700,017 shares with a market value of $21,343,023

Between 10/3/07 and 11/5/07 at 4:01 PM, Michael Steinberg:
-sold 2,000,000 shares with a market value of $11,546,544

11/5/07
Sun Microsystems reports
quarterly earnings at 4:01 PM

Stock price reaction on
11/6/07: -9.63%

Note: Date range shown is a period in which the Steinberg Portfolio went from no position through the date of the earnings announcement. Option values are delta-adjusted based on SAC reported values to equal (market value of trade)*(NMVDelta/NMV) where market value of trade is (TradePrice)*(Quantity)*100. If (NMVDelta/NMV) is not observed for an option position on the date of a trade, the value from the prior day is used. Any trading after the earnings announcement is not shown.
Source: SAC-USAO0000002, NMV Delta for MS book

Exhibit 9i



## Value of Michael Steinberg's Trading in Sun Microsystems Securities
## March 17, 2008 - May 1, 2008

Between 3/17/08 and 5/1/08 at 4:00 PM, Michael Steinberg:
 -purchased 1,184,199 shares with a market value of $18,749,236
 -purchased $16 call options on 300,000 shares with a delta-adjusted value of $2,170,694

5/1/08
Sun Microsystems reports quarterly earnings at 4:00 PM

Stock price reaction on 5/2/08: -22.61%

Value of Long / (Short) Sun Microsystems Trades

Date

Note:  Date range shown is a period in which the Steinberg Portfolio went from no position through the date of the earnings announcement. Option values are delta-adjusted based on SAC reported values to equal (market value of trade)*(NMVDelta/NMV) where market value of trade is (TradePrice)*(Quantity)*100. If (NMVDelta/NMV) is not observed for an option position on the date of a trade, the value from the prior day is used. Any trading after the earnings announcement is not shown.
Source: SAC2012_00000005A, NMV Delta for MS book

Exhibit 10

**Positions Held by Michael Steinberg Immediately Prior to Earnings Announcements on Key Dates**

| Company | Announcement Date | Steinberg Portfolio Position |
|---------|-------------------|------------------------------|
| Dell | 05/29/08 | Hedged |
| Dell | 08/28/08 | Hedged |
| Dell | 11/20/08 | Long |
| Dell | 02/26/09 | Long |
| Dell | 08/27/09 | Hedged |
| Nvidia | 05/07/09 | Hedged |
| Nvidia | 08/06/09 | Hedged |

Sources: SAC2012_05259893.xlsx, SAC2012_00000003A.xls, SAC2012_00000006A.xls.



# Dell Stock Price and Market Wide Trading Volume on August 27, 2009

Between 3:35:59 PM and 3:56:59 PM, Dell's stock price increased +4.9%

3:36 PM
Bloomberg news reported Dell's earnings

3:57 PM
Dell reported earnings via Business Wire

Sources: Stock price and volume from WRDS; "Dell's earnings web leak offers 3 lessons for all IROs" IR Web Report, 9/1/09, (http://irwebreport.com/20090901/dell-earnings-disclosure-mistake/)

Exhibit 12

# Event Study for Dell, Inc.
## August 27, 2009, 3:35:59 PM - 3:56:59 PM

| | |
|---|---|
| Intercept | 0.00 |
| | (-1.61) |
| | |
| S&P 500 Index | 0.32 |
| | **(2.91)** |
| | |
| Equal-Weighted Index of Firms in the S&P 500 | 0.83 |
| Computers and Peripherals Index (Excluding Dell) | **(7.12)** |
| | |
| Adjusted $R^2$ | 78.85% |
| | |
| | |
| Residual Return on 08/27/09, 3:35:59 PM - 3:56:59 PM | 4.65% |
| | **(18.92)** |

Notes:
The regression model is estimated between February 27, 2009 and February 27, 2010.

T-statistics are shown in parentheses. T-statistics with an absolute value greater than or equal to 1.96 denote statistical significance at the 5 percent level in a two-tailed test.

Sources: WRDS; Bloomberg; www.price-data.com.



# Dell Stock Price and Michael Steinberg's Position in Dell Stock on August 27, 2009
## 3:30PM - 4:00PM

Sources: Stock price from WRDS; Steinberg trading from SAC2012_00000003A.xls; "Dell's earnings web leak offers 3 lessons for all IROs" IR Web Report, 9/1/09, (http://irwebreport.com/20090901/dell-earnings-disclosure-mistake/)

Exhibit 14a

## Regression of Common Stock Volume Around Earnings Announcements for Dell

| Independent Variables | Coefficient | t-statistic | Excess Volume |
|---|---|---|---|
| Constant (average) | 25.7 | 61.0 * | |
| Earnings Announcement Indicator Variable: | | | |
| Day -1 | 13.7 | 4.2 * | 53.3% |
| Day 0 | 44.5 | 13.5 * | 173.1% |
| Day +1 | 11.8 | 3.6 * | 45.9% |
| Adjusted R-Square | 21.4% | | |

Sources: CRSP; Bloomberg
* indicates statistically significant at the 5% significance level in a 2-tailed test.

Notes:
1. If the earnings announcement is before the open or during the trading day, Day 0 is the announcement day.  If the earnings announcement is after the close of trading, Day 0 is the next trading day.  Volume data in millions of shares.  Excess volume equals the coefficient on the relevant earnings announcement indicator variable divided by the constant.

2. Regression covers the period from 1/1/2007 through 12/31/2009.

Exhibit 14b

**Regression of Common Stock Volume Around Earnings Announcements for Nvidia**

| Independent Variables | Coefficient | t-statistic | Excess Volume |
|---|---|---|---|
| Constant (average) | 17.7 | 64.8 * | |
| Earnings Announcement Indicator Variable: | | | |
| Day -1 | 8.7 | 4.1 * | 49.4% |
| Day 0 | 24.2 | 11.3 * | 136.8% |
| Day +1 | 3.7 | 1.8 | 21.2% |
| Adjusted R-Square | 15.9% | | |

Sources: CRSP; Bloomberg
* indicates statistically significant at the 5% significance level in a 2-tailed test.

Notes:

1. If the earnings announcement is before the open or during the trading day, Day 0 is the announcement day.  If the earnings announcement is after the close of trading, Day 0 is the next trading day.  Volume data in millions of shares. Excess volume equals the coefficient on the relevant earnings announcement indicator variable divided by the constant.

2. Regression covers the period from 1/1/2007 through 12/31/2009.

Exhibit 14c

## Regression of Common Stock Volume Around Earnings Announcements for
## Sun Microsystems

| Independent Variables | Coefficient | t-statistic | Excess Volume |
|---|---|---|---|
| Constant (average) | 15.3 | 45.9 * | |
| Earnings Announcement Indicator Variable: | | | |
| Day -1 | 3.0 | 1.2 | 19.6% |
| Day 0 | 32.2 | 12.5 * | 210.1% |
| Day +1 | 7.9 | 3.1 * | 51.7% |
| Adjusted R-Square | 22.7% | | |

Sources: CRSP; Bloomberg
* indicates statistically significant at the 5% significance level in a 2-tailed test.

Notes:

1. If the earnings announcement is before the open or during the trading day, Day 0 is the announcement day.  If the earnings announcement is after the close of trading, Day 0 is the next trading day.  Volume data in millions of shares. Excess volume equals the coefficient on the relevant earnings announcement indicator variable divided by the constant.

2. Regression covers the period from 1/1/2007 through 3/17/2009.  On 3/18/2009, the WSJ reported that IBM was in talks to buy Sun Microsystems.  On 4/20/2009, Sun Microsystems, Inc. and Oracle Corp. announced that they had entered into a definitive agreement under which Oracle would acquire Sun for $9.50 per share in cash.

Exhibit 13a



**Average Excess Market Wide Volume of Trading Around Dell's Earnings Announcements Relative to Average Trading at Other Times**

Note: Volume data from 1/1/2007 through 12/31/2009.
Sources: CRSP; Bloomberg.

Exhibit 13b



**Average Excess Market Wide Volume of Trading Around Nvidia's Earnings Announcements Relative to Average Trading at Other Times**

Note: Volume data from 1/1/2007 through 12/31/2009.
Sources: CRSP; Bloomberg.

Exhibit 13c

## Average Excess Market Wide Volume of Trading Around Sun Microsystems' Earnings Announcements Relative to Average Trading at Other Times



Note: Volume data from  1/1/2007 through 3/17/2009. On 3/18/2009, WSJ reported that IBM was in talks to buy Sun Microsystems.  On 4/20/2009, Sun Microsystems, Inc. and Oracle Corp. announced that they had entered into a definitive agreement under which Oracle would acquire Sun common stock for $9.50 per share in cash.
Sources: CRSP; Bloomberg.

# NEW YORK COUNCIL OF DEFENSE LAWYERS

c/o Alan R. Kaufman, Esq.
Kelley Drye & Warren, LLP
101 Park Avenue, New York, NY 10178
TELEPHONE: 212.808.5195  FAX: 212.808.7897
EMAIL: akaufman@kelleydrye.com

Alan R. Kaufman
 President
Alexandra A.E. Shapiro
 Vice-President
Roland G. Riopelle
 Secretary-Treasurer

**Board of Directors**
James J. Benjamin, Jr.
Zachary Carter
David E. Brodsky
Linda Imes
Jane W. Parver
Marjorie J. Peerce
Patricia A. Pileggi
Karen Patton Seymour
Jill Shellow
Jeremy H. Temkin

April 3, 2013

BY HAND DELIVERY

The Honorable Loretta A. Preska
Chief Judge
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

The Honorable Richard J. Sullivan
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

### *Amicus Submission re: U.S. v. Michael Steinberg, 12 Cr. 121*

Dear Chief Judge Preska and Judge Sullivan:

The New York Council of Defense Lawyers ("NYCDL") respectfully submits this letter as amicus curiae to address issues raised by Barry Berke's letter of April 2, 2013, concerning matters of judicial assignment.

The NYCDL is a not-for-profit professional association of more than 240 lawyers, including many former federal prosecutors from the Southern District of New York ("SDNY"), whose principal area of practice is criminal defense in New York state and federal courts.  The

The Honorable Loretta A. Preska
The Honorable Richard J. Sullivan
April 3, 2013
Page Two


NYCDL's mission includes, among other things, promoting the fair and proper administration of criminal justice.

We understand that the government, following full trial and convictions of all previously-indicted defendants in a related matter, chose to proceed by superseding indictment against defendant Steinberg, which had the result of maintaining the same judicial assignment as had occurred in prior cases instead of causing random assignment through the wheel. We further understand that the decision to proceed by superseding indictment in Mr. Steinberg's case was inconsistent with the government's practice in connection with charges brought against prior defendants in related cases. *See U.S. v. Spyridon*, 11 Cr. 360, *U.S. v. Tortora*, 11 Cr. 430, *U.S. v. Goyal*, 11 Cr. 935, and *U.S. v. Newman et al.*, 12 Cr. 121. We are concerned that this practice of selectively proceeding by "superseding" indictment – in this case and others – raises fundamental questions about the fairness and consistency of the case-assignment process to the detriment of all participants in the criminal justice system.

Although there appear to be multiple examples on each side of the roster – *i.e.,* cases in which the government has superseded to keep the same judge and cases in which random assignment has occurred following prior convictions in a related matter – and although there might be good reasons in particular cases for a particular route to be followed, it is undeniable that it is the government, alone, that initially decides which option to pursue, and it appears to do so without the guidance of any overriding policy and, therefore, absent any consistency. This creates at least an appearance of impropriety. At its worst, the practice can smack of judge shopping. Given that the government opts to proceed by superseding indictment or by a new indictment in its sole discretion, its decision, and the resulting judicial assignment, stand subject to scrutiny as matters of tactical advantage-seeking. Particularly where, as here, there is a well-noted judicial split on a central legal issue in dispute – whether insider trading liability can be imposed on a defendant who lacks knowledge of a benefit derived by the tipper – the government's decision to follow the route leading to the one judge who has already ruled in its favor, and a court's acquiescence in the government's choice, is prone to provoke criticism.

Under the "Rules for the Division of Business Among Judges" ("the Rules"), a standing order that provides for the random assignment of new cases against new criminal defendants, absent a specific exception, every criminal case is to be randomly assigned. Rule 1 provides that "[e]ach civil and criminal action and proceeding, except as otherwise provided, shall be assigned by lot to one judge for all purposes." Rule 6(b), which applies only to criminal case assignments, provides that "after an indictment has been returned by the Grand Jury or a notice has been filed by the United States Attorney's Office of an intention to file an information upon the defendant's waiver of indictment, the magistrate judge on duty will randomly draw from the criminal wheel, in open court, the name of a judge to whom the case should be assigned for all purposes." Rule 13(b) clarifies that, for criminal cases, there is no "related case" rule, "unless a motion is granted for a joint trial." Finally, Rule 6(e) provides a narrow exception to the random assignment principle for "Superseding Indictments and Informations," which are

The Honorable Loretta A. Preska
The Honorable Richard J. Sullivan
April 3, 2013
Page Three


"assigned to the same judge to whom the original indictment or information was assigned." It is clear that the Rule 6(e) exception – like Rule 13(b) – is premised on the potential that substantial judicial resources can be saved where a single judge can conduct a joint trial involving multiple defendants.

Rule 6(e) does not define "superseding indictments." Our experience, however, as defense lawyers and, in some cases, former SDNY prosecutors, tells us that a "superseding" indictment is ordinarily one that is filed in advance of trial in order to add new defendants or new charges *to an existing case*; it is a replacement indictment that supplants a prior indictment otherwise in effect. This understanding comports with the ordinary meaning of "supersede." *See, e.g.,* Black's Law Dictionary (9th ed. 2009) (defining "supersede" as "[t]o annul, make void, or repeal by taking the place of"); Random House Dictionary of the English Language 1428 (1979) ("to replace . . . set aside . . . [or] supplant"); Webster's Ninth New Collegiate Dictionary 1185 (1983) ("to cause to be set aside . . . to take the place, room or position of").

In contrast to this plain meaning, in *Steinberg*, the government filed a "superseding" indictment," where all other cases, involving all other defendants, *had already been resolved by trial or plea*. None of the prior defendants could conceivably have been joined with Mr. Steinberg for trial. There was, therefore, no basis for invoking Rule 13(b), which explicitly requires a successful motion for a joint trial in order to treat two criminal cases as "related." Styling an indictment as "superseding" in this context, as discussed above, gives rise to an appearance of impropriety and circumvents the random assignment principle codified in this Court's Rules.

We note that there are other instances which give rise to similar concerns. In the case of *U.S. v. Zobkiw*, 11 Cr. 337, the U.S. Attorney's Office indicted a defendant for grand jury perjury and obstruction. The case was assigned to Judge Castel. The defendant went to trial and was convicted. On the eve of that trial, the government sought and obtained an indictment against the attorney who had represented the defendant at the time of her grand jury appearance, charging him with subornation and obstruction. There, as in *Steinberg*, the government designated the later indictment a superseder, and the case was assigned, under Rule 6(e), to Judge Castel,[1] notwithstanding that there was no possibility that the two cases could be joined for trial.[2] Nor did the superseder replace the original indictment.

---

[1] The undersigned represents an uncharged individual who is a subject of that ongoing investigation.

[2] *U.S. v. Bonventre et al.*, 10 Cr. 228 (LTS), presents another example of the government's inconsistent use of "superseding" indictment designations to steer cases to (or away from) particular judges. In connection with a series of Madoff-related cases, the government initially allowed the random assignment system to operate, which resulted in three different judges each being assigned a Madoff-related case. After Frank DiPascali, a key cooperating witness for the government, was denied the government's recommended bail package and remanded by one of the district court judges for close to one year, however, the government reversed course. Thereafter, the government characterized new charges against new cooperating defendants as informations "superseding" the indictment in a

The Honorable Loretta A. Preska
The Honorable Richard J. Sullivan
April 3, 2013
Page Four


       We thank the Court for its attention to this matter, which appears to implicate issues beyond this particular case of importance to the fair administration of justice in this District.

       Respectfully submitted,

Alan R. Kaufman
President
New York Council of Defense Lawyers


cc:    AUSA Antonia M. Apps (via email)
      AUSA John T. Zach (via email)
      Barry H. Berke, Esq. (via email)

---

Madoff case that was pending before a fourth district court, thereby unilaterally ensuring that the fourth judge, and not the judge who remanded Mr. DiPascali, would preside over later sentencing hearings.